EDITH MARION WOLFE, Special Adm'r for George Wolfe, Deceased, Plaintiff-Appellant, v. WESTLAKE COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (1st Division)   No. 87—2508

Opinion filed August 1, 1988.

Curtis Bennett Ross, of Chicago, for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Michael C. Kominiarek, Russell P. Veldenz, and Randall J. Gudmundson, of counsel), for appellees.

JUSTICE QUINLAN delivered the opinion of the court:

Edith Marion Wolfe (Wolfe), as special administrator of the estate of her husband, George Wolfe, filed a medical malpractice complaint in the circuit court of Cook County against Westlake Community Hospital and Doctors Morelli and Cerniak six months after her husband died from a cancerous condition that might not have been fatal had it been discovered earlier by either Dr. Morelli or Dr. Cerniak in his treatment of Mr. Wolfe. The trial court granted the defendants' motion to dismiss the complaint with prejudice on the grounds that it was barred by the statute of limitations contained in the medical malpractice statute. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) Additionally, the court denied the plaintiff's motions for leave to amend her complaint and for a new trial. The plaintiff appeals, contending first, that her complaint was filed within the requisite limitation periods, and, second, that the trial court should have permitted her to replead so she could show that the discovery of the malpractice occurred at a date later than she had originally pled and, thus, was within the requisite statute of limitations.

The plaintiff filed her complaint on January 16, 1985. After the defendants filed motions for summary judgment, on August 20, 1985, the plaintiff filed an amended complaint. In her amended complaint, the plaintiff alleged a wrongful death claim, a survival cause of action, and a willful and wanton conduct claim for punitive damages against each of the defendants. On April 2, 1986, Westlake Hospital was granted summary judgment on the basis that there was no evidence of negligent conduct on the part of the hospital. On May 1, 1986, the trial court ordered the punitive damages counts against Morelli and Cerniak stricken with prejudice.[1]

Doctor Morelli filed a motion to dismiss the remaining wrongful death and survival counts pursuant to section 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) In his attached affidavit, Dr. Morelli stated that the last date he treated George Wolfe was November 30, 1982, and that since the complaint was not filed until more than two years after that date, the action was barred. Morelli, citing to *Real v. Kim* (1983), 112 Ill. App. 3d 427, 445 N.E.2d 783, and the medical malpractice statute, argued that if the last date of contact, November 30, 1982, was used to calculate the start of the running of the statute of limitations, the complaint filed on January 16, 1985, would still be time barred by six weeks. The trial court agreed with the defendant. The court interpreted the decision in *Real* as holding that a medical malpractice cause of action automatically transfers to the claimant's estate upon his death and that the statute of limitations which had begun running for the decedent continued to run for the estate. Hence, the court stated, even construing the complaint most favorably to the plaintiff, the date of discovery of the negligence occurred on December 11, 1982, when the Wolfes consulted with different medical personnel regarding his condition. The court thus reasoned that because Mr. Wolfe's medical malpractice actions would have been time barred at the time the complaint was filed on January 16, 1985, Mrs. Wolfe's wrongful death and survival actions were, accordingly, time barred at the time she filed the complaint. Consequently, the trial court dismissed the complaint with prejudice and denied the plaintiff leave to amend.

The issue in this appeal is whether the trial court erred in finding the plaintiff's complaint was time barred by the limitation period contained in the medical malpractice statute when the decedent's claim was not time barred at his death, but was barred at the time the com-

---

[1]Also, during the pendency of this appeal, defendant Cerniak entered in a settlement agreement with the plaintiff and he, thus, is no longer an interested party.

plaint was filed, even though the plaintiff filed the action within time limitations contained in the survival statute and the Wrongful Death Act. See Ill. Rev. Stat. 1985, ch. 110, par. 13—209; Ill. Rev. Stat. 1985, ch. 70, par. 2.

■ Section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) limits the availability of medical malpractice claims to a two-year period "after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the injury or death for which damages are sought in the action, whichever of such date occurs first." The statute further provides a repose limitation to prohibit the filing of a malpractice action more than four years after the date the act or omission or occurrence alleged to have been the cause of such injury or death accrued. However, section 13—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—209) provides an additional year within which the representative of a deceased person may file a surviving cause of action, if the person had died before the limitation period expired on his cause of action.

■ A claim under the survival statute is one which arose during the lifetime of the deceased and survives his death. (*Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 431, 308 N.E.2d 583, 586-87.) Section 13—209 provides the personal representative with one year within which to file a personal injury suit on behalf of the deceased if at the time of his death the action had not expired. Thus, a survival cause of action accrues and the limitation begins to run when the injured party dies. Here, Mr. Wolfe's cause of action accrued, at the latest, as argued by the defendant, on November 30, 1982, the last date Morelli had contact with the plaintiff's decedent. When Mr. Wolfe died on July 8, 1984, the limitation period on his personal injury action had not expired and, thus, Mrs. Wolfe had until July 7, 1985, to file a survival action on his behalf.

■ The trial court's ruling that the survival action was time barred on December 11, 1984, overlooked the fact that the one-year statute of limitations for survival actions does not begin to run until the original holder of the cause of action dies. In holding that Mr. Wolfe's personal injury claims merely transferred to Mrs. Wolfe, as the administrator of his estate, the trial court ignored the fact that the estate did not become the holder of this cause of action until July 8, 1984, when Mr. Wolfe died, and thereafter, by operation of law, the survival statute gave Mrs. Wolfe one year from the date of her husband's death to file the survival claim. Contrary to the trial court's findings, the condition precedent to Mrs. Wolfe's cause of action was

the fact that Mr. Wolfe's cause of action was not time barred at the time of his death (Ill. Rev. Stat. 1985, ch. 110, par. 13—209), and not that Mr. Wolfe's personal injury cause of action was not time barred at the time his estate filed its survival action.

■ The trial court also found that the administrator's wrongful death claim was barred because Mr. Wolfe could not have filed this claim on January 16, 1985, when the last negligent acts occurred on November 30, 1982. This finding is, again, based on the trial court's reading of the decision in *Real* to require that the original holder of the cause of action must have had a good claim on the date that the subsequent holder (the estate) files the action. However, this finding is contrary to the law in this State and the decision in *Real*.

In *Real v. Kim* (1983), 112 Ill. App. 3d 427, 445 N.E.2d 783, the court applied the medical malpractice four-year repose limitation to the plaintiff's wrongful death action and held that she did not have two years from the date of death to file a claim where more than four years had elapsed since the occurrence of the negligent acts which caused the decedent's injury. The court in *Real* stated that the plaintiff's claim is derivative of the decedent's claim for the tortious act which caused his death and that the plaintiff's cause of action is barred if the decedent's cause of action would be barred. Here, however, when Mrs. Wolfe filed her claim, the four-year repose period had not expired and, thus, *Real* does not bar the wrongful death claim where she filed her claim within two years of her husband's death. *Cf. Real*, 112 Ill. App. 3d at 431, 445 N.E.2d at 786.

■ In *Fountas v. Breed* (1983), 118 Ill. App. 3d 669, 455 N.E.2d 200, this court held that the controlling date in a wrongful death action is the date of death. A wrongful death action will lie only if the deceased had a claim that was not time barred on or before his death. (*Fountas*, 118 Ill. App. 3d at 674, 455 N.E.2d at 205; see also *Real*, 112 Ill. App. 3d 427, 445 N.E.2d 783.) If it is determined that the decedent's claim was not time barred at the time of his death, the wrongful death statute provides the claimant with a two-year statute of limitations which begins running from the time of death. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) Additionally, in a case where the negligent acts are alleged to have been caused by a physician, the medical malpractice statute requires that, in any event, the cause of action must be filed within four years from the date of the negligent acts. (*Real*, 112 Ill. App. 3d 427, 445 N.E.2d 783.) Hence, Mrs. Wolfe had two years from the date of her husband's death, so long as the claim was filed within the four-year statute of repose provided in the medical malpractice statute, to file her wrongful death claim.

■ Since we have found that the trial court erred in dismissing Mrs. Wolfe's complaint when it was not time barred, we need not address the plaintiff's second contention that trial court erred in denying her motion to amend her complaint to allege sufficient facts to invoke the discovery rule to meet the requisite statute of limitations. Nevertheless, inasmuch as the cause must be remanded, we direct that the trial court on remand allow the administrator to amend her complaint consistent with this opinion so that a proper date of discovery by the plaintiff's decedent may be alleged.

For the above-stated reasons, we hold that Mrs. Wolfe's complaint against Dr. Morelli was not time barred, and, accordingly, we reverse the judgment of the circuit court of Cook County and remand this case for further proceedings.

Reversed and remanded with directions.

BUCKLEY and O'CONNOR, JJ., concur.