Sixth Division

September 30, 1997

No. 1-95-4359

MEGHAN O'BRIEN, Administrator of the )  Appeal from the Circuit

Estate of JOSEPH O'BRIEN, Deceased,  )  Court of Cook County

                                     )  

Plaintiff-Appellant,            )  

                                     )  

v.                         )  

                                     )  

KEVIN O'DONOGHUE, M.D., WILLIAM      )  

MILLMAN, M.D., OAK PARK              )  

CARDIOLOGISTS GROUP, LTD., a         )  

corporation, and J. KEVIN            )  

O'DONOGHUE, M.D., and WILLIAM L.     )  

MILLMAN, LTD., a corporation,        )  Honorable

                                     )  Julia M. Nowicki,

Defendants-Appellees.           )  Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff instituted this action asserting wrongful death and survival claims based upon the death of plaintiff's decedent, Joseph O'Brien, who died after receiving medical treatment rendered by defendants.  The trial court dismissed plaintiff's complaint, finding that the claims asserted were barred because they were not presented until after expiration of the applicable statutes of repose, and plaintiff has appealed.

The record reveals that decedent began receiving medical treatment from defendant O'Donoghue in July 1987 and commenced treatment with defendant Millman in 1988.  The last date of treatment by any of the defendants was October 1, 1990, and the decedent died on September 17, 1994.  At the time of his death, the decedent was survived by his four children: Meg, born April 21, 1972; Joseph IV, born May 18, 1983; Patrick, born January 29, 1985; and Matthew, born August 26, 1988.

On November 2, 1994, plaintiff filed suit against defendants, asserting survival claims on behalf of the estate and wrongful death claims on behalf of the minor children as beneficiaries.  Plaintiff's complaint alleged that the decedent's injuries and death were proximately caused by the negligence of defendants in failing to properly diagnose and treat decedent's blocked renal artery.  Defendants moved for dismissal of all claims pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 1994)), asserting that they were not timely filed.  The trial court granted defendants' motion and dismissed plaintiff's complaint, finding that there were no exceptions to the applicable four-year statute of repose set forth in section 13-212 of the Illinois Code of Civil Procedure (735 ILCS 5/13-212 (West 1994)).

On appeal, plaintiff contends that the trial court erred in finding that the wrongful death and survival claims were untimely filed.

We initially address plaintiff's argument that the trial court erred in dismissing the survival claims which sought recovery for injuries sustained by the decedent prior to his death.  In resolving this issue, we must determine the combined effect of two distinct legislative enactments, sections 13-212 and 13-209 of the Code of Civil Procedure, upon the medical malpractice claim asserted by plaintiff.

The applicable limitations period for the survival claims brought by the plaintiff, in her capacity as administrator of the estate, is defined in section 13-212(a) of the Illinois Code of Civil Procedure, which provides as follows:

"Physician or hospital. (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death."  735 ILCS 5/13-212(a) (West 1994).

This provision specifies a two-year limitations period which commences at the time of discovery of the cause of action, but also establishes a four-year statute of repose which restricts the time for filing the claim, regardless of the date of discovery.

However, section 13-209 states as follows:

"Death of party. If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his or her representatives before the expiration of that time, or within one year from his or her death whichever date is the later."  735 ILCS 5/13-209(a) (West 1994).

The clear and unambiguous language of this provision allows the filing of a survival action within one year of the decedent's death, provided the death occurred prior to expiration of the limitations period.  See 
Wolfe v. Westlake Community Hospital
, 173 Ill. App. 3d 608, 611, 527 N.E.2d 912 (1988).

The trial court granted defendants' 2-619 motion to dismiss, finding that the survival claims filed on November 2, 1994, was barred by the four-year statute of repose which expired on October 1, 1994.  This conclusion was predicated upon the determination that section 13-209 did not create an exception to the absolute bar prescribed by the statute of repose.  We disagree.

The four-year statute of repose was enacted to curtail the "long tail" exposure to medical malpractice claims brought about by the advent of the discovery rule.  
Anderson v. Wagner
, 79 Ill. 2d 295, 311-12, 402 N.E.2d 560 (1979); 
Limer v. Lyman
, 241 Ill. App. 3d 125, 128, 608 N.E.2d 918 (1993).  We do not believe this goal is seriously impaired by the terms of section 13-209, which merely extend the time for filing survival claims for one year from the death of the decedent.  Because there is no logical reason to differentiate between the two-year statute of limitations and the four-year statute of repose, section 13-209 operates to extend the filing period by a maximum of one year under both provisions.  
Limer
, 241 Ill. App. 3d at 128.

Section 13-209 was enacted by the legislature to allow the representative of the decedent a reasonable time to protect and preserve the interests of the estate, and, in accordance with the cardinal rule of statutory construction, its clear and unambiguous language must be given its plain and ordinary meaning.  
Limer
, 241 Ill. App. 3d at 128.  There is nothing in the legislative history of these statutory provisions which indicates that section 13-212 is unaffected by the terms of section 13-209.  
Limer
, 241 Ill. App. 3d at 128.  To hold that section 13-209 does not apply to cases governed by the four-year statute of repose would, in effect, create an exception in the statute which the legislature did not include.  Courts of review do not have this authority.  See 
Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.
, 158 Ill. 2d 76, 83, 630 N.E.2d 820 (1994) (where an enactment is clear and unambiguous, the court is not free to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, or conditions that the legislature did not express).

On its face, section 13-209 applies to the survival claims asserted by plaintiff here, where the decedent died on September 17, 1994, prior to the expiration of the four-year statute of repose on October 1, 1994.  According to the clear and unambiguous language in that provision, plaintiff had the right to bring the survival claims within one year of the death of the decedent, which occurred on September 17, 1994.  The complaint filed on November 2, 1994, was, therefore, timely, and the trial court erred in dismissing those counts.

We next consider plaintiff's contention that the trial court erred in dismissing the wrongful death claims brought on behalf of the minor children of the decedent.

A wrongful death action will lie where the deceased had a claim that was not time barred on or before his death (
Wolfe
, 173 Ill. App. 3d at 612) and accrues at the time of death of the decedent (
Fetzer v. Wood
, 211 Ill. App. 3d 70, 76-77, 569 N.E.2d 1237 (1991)).  The Wrongful Death Act establishes a two-year statute of limitations for commencement of such claims; however, if the person entitled to assert such a claim  is, at the time the cause of action accrued, under the age of 18, the claim may be brought within 2 years after attainment of the age of 18.  See 740 ILCS 180/2 (West 1994).

However, the statute of repose found in section 13-212(b) supersedes the above provisions and restricts the right of minors to bring wrongful death claims which are predicated upon medical malpractice.  See 
Antunes v. Sookhakitch
, 146 Ill. 2d 477, 489, 588 N.E.2d 1111 (1992).  Section 13-212(b), states as follows:

"(b) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician *** shall be brought more than 8 years after the date on which occurred that act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday."  735 ILCS 5/212(b) (West 1994).

This statute, therefore, imposes an absolute bar to the filing of wrongful death claims by or on behalf of the minor children after eight years from the last date of treatment by defendants, regardless of the age of the minor at that time.  Consequently, the wrongful death claims of Joseph IV, Patrick and Matthew would be barred as of October 1, 1998, despite the fact that none of these children will have attained the age of 18.  In the case at bar, the wrongful death claims brought on behalf of the minor children was filed on November 2, 1994, unequivocally within two years of the death of the decedent and within the eight-year statute of repose set forth in section 13-212(b).  Thus, these claims were also timely filed, and the trial court erred in dismissing them.

Defendants seek to avoid this result by asserting that the eight-year statute of repose in section 13-212(b) was not raised by plaintiff in the trial court and was waived.  However, the waiver rule is a limitation on the parties and not on the court, which has the responsibility for a just result.  
Hux v. Raben
, 38 Ill. 2d 223, 224, 230 N.E.2d 831 (1967).  We decline to find a waiver of plaintiff's argument where the issue involves solely a question of law, not of fact, and where there is no indication that defendant has suffered any prejudice.  This conclusion is further supported by the long-established policy of protecting the right of minors to bring suit.  
Antunes
, 146 Ill. 2d at 493.

Finally, we hold that any wrongful death claim brought individually by the decedent's adult daughter, Meg, was barred.   Although her claim for wrongful death filed on November 2, 1994, was well within the two-year statute of limitations, it was not filed prior to expiration of the statute of repose.  As noted above, a claim for medical malpractice brought by an adult is governed by the four-year statute of repose set forth in section 13-212(a).  Because Meg was not a minor, her wrongful death claim was subject to the terms of this provision, rather than the eight-year statute of repose found in section 13-212(b).  Accordingly, Meg's right to bring a claim against defendants for negligence in treating her father was extinguished on October 1, 1994, which was four years after the last date of treatment.  It is undisputed that the four-year statute of repose creates an absolute bar to liability for damages based upon allegations of medical negligence, even if the four years have elapsed prior to the death of the decedent.  See 
Durham v. Michael Reese Hospital Foundation
, 254 Ill. App. 3d 492, 495, 627 N.E.2d 67 (1993), citing 
Hayes v. Mercy Hospital & Medical Center
, 136 Ill. 2d 450, 557 N.E.2d 873 (1990), and 
Real v. Kim
, 112 Ill. App. 3d 427, 431, 445 N.E.2d 783 (1983).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part and remanded for further proceedings consistent with the views expressed herein.

Affirmed in part, reversed in part, and remanded.

GREIMAN, P.J., and QUINN, J., concur.