3 August 1999

No. 2--98--0803

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

JO LOU MIO, as Special  ) Appeal from the Circuit Court

Adm'r of the Estate    ) of Kane County.

of Catherine Mio Anderson,  ) 

Deceased, ) 

)

Plaintiff-Appellant, ) 

) 

v. ) No. L--KA--97--0623

) 

ALBERTO-CULVER COMPANY;  )

AON CORPORATION; THE ESTATE OF  ) 

MARTIN L. KOPPIE, Deceased;  ) 

and THE ESTATE OF ROBERT  ) 

WHITENER, Deceased,  ) Honorable

  ) Pamela K. Jensen,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Plaintiff, Jo Lou Mio (Jo Lou), appeals from the trial court's order granting concurrent motions to dismiss in favor of defendants, Alberto-Culver Company, on behalf of itself and the Estate of Robert Whitener (Alberto), and AON Corporation, on behalf of itself and the Estate of Martin L. Koppie (AON).  Plaintiff contends that the trial court improperly concluded that she lacked standing to sue under the Wrongful Death Act (the Act) (740 ILCS 180/0.01 
et seq.
 (West 1996)).  We affirm.

I. BACKGROUND

This litigation arose from the unfortunate, tragic death of plaintiff's daughter, Catherine Mio Anderson (Catherine).  On October 30, 1996, Catherine was a flight attendant aboard a corporate jet owned and operated by defendant Alberto when it crashed on takeoff from Palwaukee Municipal Airport, located in Cook County, Illinois.  All the occupants of the jet were killed.  At the time of her death, Catherine had been married to Craig Anderson (Craig) for 26 days.  She had no children.

On October 28, 1997, Craig, as special administrator of Catherine's estate, filed a wrongful death lawsuit in the circuit court of Cook County against defendants, Alberto and AON, among others (Craig's lawsuit).  The lawsuit was the only asset of Catherine's estate.  It did not seek recovery on Jo Lou's behalf.  Prior to commencement of Craig's lawsuit, no petition for letters of office for Catherine's estate had been filed.

On November 3, 1997, Jo Lou, alleging that she was eligible to be appointed special administrator of Catherine's estate, commenced her own wrongful death and survival action against all defendants named in this appeal (plaintiff's lawsuit).  The motion to appoint Jo Lou as special administrator alleged that she was "a beneficiary entitled to recover under the Wrongful Death Act."  No mention was made of Craig's pending lawsuit in Cook County.  

Alberto and AON each moved separately to dismiss plaintiff's lawsuit pursuant to section 2--619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619 (West 1996)).  Both motions asserted that plaintiff lacked standing to sue because she was not considered "next of kin" as that phrase has been interpreted under the Act.  Defendants maintained that the determination of those considered next of kin was governed by the statutory rules of intestate distribution found in the Probate Act of 1975 (the Probate Act) (755 ILCS 5/1--1 
et seq.
 (West 1996)) and that under those rules plaintiff was not considered next of kin.  Rather, because Catherine left no children, her husband was next of kin.  Therefore, Craig was entitled to bring suit under the Act to the exclusion of all others, including plaintiff.  Because the Act permitted only a surviving spouse and next of kin to maintain a cause of action, defendants asserted, plaintiff lacked standing to sue.

Plaintiff opposed the motions, arguing that the definition of "next of kin" implied by this court in 
Johnson v. Village of Libertyville
, 150 Ill. App. 3d 971 (1986), was controlling.  Under that definition, plaintiff countered, she was considered next of kin and therefore entitled to maintain a cause of action separate and distinct from Craig's.

The trial court disagreed with plaintiff, holding that the definition of "next of kin" under the Act means those persons who would take under the Probate Act had the decedent died intestate.  The trial court reasoned that, because there was a surviving spouse, plaintiff was not considered next of kin under the Probate Act, so she lacked standing to maintain a separate cause of action.  Thus, the trial court dismissed plaintiff's entire lawsuit with prejudice.  Plaintiff filed a timely notice of appeal.

II. DISCUSSION

A. STANDARD OF REVIEW

We first address the appropriate standard of appellate review of a trial court's dismissal of a complaint pursuant to section 2--

619 of the Code.
  A motion to dismiss under section 2--619 alerts the trial court to certain defects or defenses which avoid the legal effect of or defeat the claims in the pleadings. 
 
Sarno v. Akkeron
, 292 Ill. App. 3d 80, 84 (1997).  The purpose of section 2-

-619 is to allow for a threshold disposition of questions of law and easily proved issues of fact. 
 
Zedella v. Gibson
, 165 Ill. 2d 181, 185 (1995).  A section 2--619 motion to dismiss admits the legal sufficiency of the cause of action (absent the 
defects or defenses
 raised by the motion) much the same way a section 2--615 motion to dismiss admits a complaint's well-pleaded facts.  
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 115 (1993).  The trial court should grant a section 2--619 motion if, after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, it finds that no set of facts can be proved upon which relief could be granted.  
Nikolic v. Seidenberg
, 242 Ill. App. 3d 96, 98-99 (1993).

Because this process does not require the trial court to weigh facts and determine credibility, we do not defer to the trial court's judgment.  
Toombs v. City of Champaign
, 245 Ill. App. 3d 580, 583 (1993)
.  Instead, we consider whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal was proper as a matter of law.  
Kedzie & 103rd Currency Exchange
, 156 Ill. 2d at 116-17.  Hence, our review of a section 2--619 dismissal is analogous to one following a grant of summary judgment; we conduct a 
de
 
novo
 review.  
Kedzie & 103rd Currency Exchange
, 156 Ill. 2d at 116
.
  We may sustain a trial court's dismissal on any basis found in the record.  
Nikolic
, 242 Ill. App. 3d at 99.  With these principles firmly in mind, we now turn to the merits of the parties' arguments, reviewing them 
de
 
novo
.

B. RIGHT TO MAINTAIN A SEPARATE CAUSE OF ACTION UNDER THE WRONGFUL DEATH ACT

The sole issue in this appeal is whether a parent of a decedent can maintain a separate cause of action under the Act in his or her own right when the decedent leaves a surviving spouse but no children.  Plaintiff argues in her brief that "The plain language of the Wrongful Death Act clearly and explicitly grants a right to recovery to both a surviving spouse 
and
 the next of kin."  (Emphasis in original.) Hence, plaintiff asserts, she is entitled to institute a wrongful death action in her own right.  We reject plaintiff's argument.

At common law, no cause of action existed to recover damages for the wrongful death of a decedent.  
Li Petri v. Turner Construction Co.
, 36 Ill. 2d 597, 600 (1967).  The legislature, in enacting the Wrongful Death Act, created an independent cause of action for damages arising from the decedent's death caused by wrongful act, neglect, or default.  
Kessinger v. Grefco, Inc.
, 251 Ill. App. 3d 980, 982 (1993).  While the Act has been amended several times, its purpose remains to compensate the surviving spouse and next of kin for the pecuniary losses sustained due to the decedent's death (
In re Estate of Finley
, 151 Ill. 2d 95, 101 (1992)).

The Act is the sole source for determining who may sue and under what conditions.  
Rodgers v. Consolidated R.R. Corp.
, 136 Ill. App. 3d 191, 193 (1985).  Section 2.1 of the Act provides in relevant part:

"In the event that the only asset of the deceased estate is a cause of action arising under this Act, and no petition for letters of office for his or her estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, *** may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action.  740 ILCS 180/2.1 (West 1996).

The special administrator, as personal representative, possesses the sole right to prosecute the action.  
Rodgers
, 136 Ill. App. 3d at 193.  The Act does not create rights in other individuals to bring suit.  
Rodgers
, 136 Ill. App. 3d at 193.  The personal representative of the decedent "must bring a single action on behalf of the class beneficiaries to avoid multiple lawsuits."  
Pasquale v. Speed Products Engineering
, 166 Ill. 2d 337, 361 (1995).

In this case, the only asset of Catherine's estate was the wrongful death action, and no letters of office had been issued. A special administrator of the estate was eligible to be appointed. 

Determining who the proper personal representative is, therefore, requires a determination of who is entitled to recover under the Act.  Recovery is limited to those persons delineated in the statute.  
Holmgren v. National Big-4 Asbestos Removal Specialty, Inc.
, 228 Ill. App. 3d 433, 434 (1992).
  In a wrongful death suit, "the amount recovered *** shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person."  740 ILCS 180/2 (West 1996).  

Plaintiff contends that she is Catherine's next of kin and, therefore, she is entitled to prosecute a wrongful death claim as Catherine's special administrator.  Plaintiff's contention is without merit. 

In 
Finley
, our supreme court reaffirmed the long-standing rule that the phrase "next of kin," as used in the Act, means those individuals who would take decedent's property according to the statutory rules of intestate distribution.  
Finley
, 151 Ill. 2d at 101.  Plaintiff contends in her brief that 
Finley
 did not disturb the statutory mandate of the Act which, in her view, "is to provide a remedy for both a surviving spouse 
and
 next of kin."  (Emphasis 

in original.)  Hence, plaintiff urges us to disregard 
Finley
 and instead rely on this court's definition of next of kin found in 
Johnson
, 150 Ill. App. 3d at 973-74.  A close reading of 
Johnson
 in relation to 
Finley
 persuades us to decline plaintiff's invitation.

In 
Johnson
, this court reversed the trial court's denial of a petition to intervene brought by decedent's parents in a wrongful death and survival action instituted by decedent's surviving spouse as her personal representative. 
 The complaint filed by the surviving spouse did not include a count for loss of society by decedent's parents.  
The parents sought to intervene because they believed their interests were not being adequately represented.  
On appeal, this court, in considering whether petitioners had a right to intervene, stated, without further discussion or mention of the Probate Act:

"Where there are no children of the decedent surviving [citation], the parents of the decedent are considered to be the next of kin.  Since decedent had no children, the petitioners, as decedent's parents, are her next of kin within the meaning of this statute."  
Johnson
, 150 Ill. App. 3d at 973-74.

It is this language upon which plaintiff bases her entire argument.

We reject the 
Johnson
 court's notion that where there is a 

surviving spouse, but no children, the surviving parent or parents of a decedent are considered next of kin under the Act.  Rather, we choose, as we must, to follow 
Finley
, which requires reference to the Probate Act in determining which of decedent's relatives have standing to institute a wrongful death action.  See 
Schmall v. Village of Addison
, 171 Ill. App. 3d 344, 351 (1988)(finding that next of kin is interpreted in its technical sense under our system of intestate distribution)
.  Therefore, to the extent that the  
Johnson
 court's definition of "next of kin" conflicts with 
Finley
 and 
Schmall
, we expressly overrule 
Johnson
 on that point.

We now examine our statutory rules of intestate distribution to determine whether plaintiff is next of kin.  Section 2--1 of the Probate Act states in relevant part:

"The intestate real and personal estate of a resident decedent *** descends and shall be distributed as follows:

***

(c) If there is a surviving spouse but no descendent of the decedent: the entire estate to the surviving spouse."

755 ILCS 5/2--1 (West 1996).

Here, the Probate Act makes it clear that plaintiff, as the mother of a decedent who left a surviving spouse but no children, is not next of kin within the meaning of section 2 of the Wrongful Death Act.  She is, therefore, not entitled to be appointed as a special administrator for the deceased party for the purpose of prosecuting or defending the wrongful death action.  See 740 ILCS 180/2.1 (West 1996).  Rather, under the Probate Act, because Catherine left no children, Craig, as her surviving husband, is next of kin to the exclusion of all others.  Craig is thus both "the surviving spouse and next of kin" under the Act.  Plaintiff's lawsuit was, therefore, properly dismissed by the trial court based upon her lack of standing to sue.

We consequently hold that when a decedent is survived by a spouse, but no children, the surviving parents of a decedent may not maintain a separate cause of action for wrongful death in their own right.  Whether plaintiff has any other rights under the Wrongful Death Act is an issue not before this court and we make no decision in that regard.

We underscore that our decision in this case is not meant to minimize plaintiff's loss.  We empathize with plaintiff, as we would with anyone who loses a loved one.  It is our obligation, however, to follow the pronouncements of our supreme court, even if they sometimes lead to harsh results with which not everyone may agree.

III. CONCLUSION

For the foregoing reasons the order of the circuit court of Kane County dismissing plaintiff's complaint with prejudice is affirmed.

Affirmed.

McLAREN and GEIGER, JJ., concur.