IRENE BEETLE, as Special Adm'r of the Estate of Robert Beetle, Deceased, Plaintiff-Appellant, v. WAL-MART ASSOCIATES, INC., *et al.*, Defendants-Appellees.

Second District    No. 2—00—1195

Opinion filed December 21, 2001.

BOWMAN, J., dissenting.

James D. Sparkman, of Vella, Sparkman, Wheeler & Lund, P.C., of Rockford, for appellant.

William E. Spizzirri and Michael T. Sprengnether, both of Kralovec & Marquard, Chtrd., of Chicago, for appellees.

JUSTICE GROMETER delivered the opinion of the court:

Plaintiff, Irene Beetle, as special administrator of the estate of her deceased husband, Robert Beetle, appeals the order of the circuit court of De Kalb County dismissing with prejudice her second amended complaint against defendants, Wal-Mart Associates, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., and E.W. Howell Company, Inc. Plaintiff's complaint asserted a cause of action under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)) based on defendants' alleged negligence in the construction of a Wal-Mart store. The sole issue presented in this appeal is whether the four-year statute of limitations period in section 13—214(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13—214(a) (West 1998)) or the two-year limitations period in section 2 of the Wrongful Death Act (Act) (740 ILCS 180/2 (West 1998)) applies to plaintiff's cause of action. Because

we find that the Act's two-year statute of limitations applies, we affirm the judgment of the circuit court.

## BACKGROUND

On April 27, 1999, plaintiff, acting as the special administrator of her deceased husband's estate, filed a complaint against defendants. According to the allegations in plaintiff's complaint, in September 1996, defendants were involved in the construction of a Wal-Mart store in De Kalb, Illinois. Defendant E.W. Howell Company, Inc. (Howell), a contractor on the project, hired Area Construction Trades, Inc. (Area Construction), to provide the store with a roof. Plaintiff's decedent was employed as a roofer by Area Construction. On September 24, 1996, while working on the Wal-Mart project, plaintiff's decedent fell from the structural steel framework of the building. As a result of the injuries sustained in the fall, plaintiff's decedent died later the same day.

Plaintiff's complaint asserted a cause of action under the Act based on defendants' alleged negligence in the construction of the Wal-Mart store. The Wal-Mart defendants and defendant Howell each moved to dismiss plaintiff's complaint pursuant to section 2—619(a)(5) of the Code (735 ILCS 5/2—619(a)(5) (West 1998)). Defendants urged the trial court to dismiss plaintiff's claim because she did not commence the action within two years after her husband's death as required by section 2 of the Act (740 ILCS 180/2 (West 1998)). In response to defendants' motions, plaintiff claimed that the four-year limitations period for construction-related actions found in section 13—214(a) of the Code (735 ILCS 5/13—214(a) (West 1998)) applied because it was more specific than the Act's two-year limitations period. On January 27, 2000, the trial court granted defendants' motions to dismiss, but allowed plaintiff leave to file an amended complaint.

Plaintiff filed her amended complaint on February 15, 2000. The amended pleading alleged for the first time that it was not until July 1, 1997, that plaintiff discovered "factually specific information relative to the circumstances of decedent's fall" so as to alert her "to the need for further inquiries to determine if the cause of the decedent's injury was actionable at law." The amended complaint did not allege the specific facts made available on July 1, 1997. In response, the Wal-Mart defendants and defendant Howell each filed a section 2—619 motion to dismiss. Defendants again asserted that plaintiff did not timely file her complaint under section 2 of the Act. Defendants also claimed that plaintiff's attempt to extend the limitations period by invoking the discovery rule was improper. Defendants reasoned that plaintiff's decedent's injuries were the result of a sudden and traumatic event

and, as such, the cause of action accrued at the time the injuries occurred. On May 4, 2000, the trial court granted defendants' motions and dismissed plaintiff's amended complaint. The court also found that the discovery rule was not applicable to the case. Nevertheless, the court granted plaintiff leave to file a second amended complaint.

Plaintiff filed her second amended complaint on June 21, 2000. The second amended complaint stated that at no time prior to July 1, 1997, did plaintiff "have facts sufficient to know or have reason to know that a third party may have negligently caused [her husband's] death." Plaintiff added that on or about July 1, 1997, she spoke over the telephone to a previously unavailable witness from the construction site who possessed factually specific information relative to the circumstances of decedent's fall. Plaintiff, however, did not disclose the substance of her conversation with the undisclosed witness. Defendants filed a joint section 2—619 motion to dismiss on the basis that plaintiff's action was time-barred. On September 11, 2000, the trial court granted defendants' motion and dismissed plaintiff's complaint with prejudice. In so ruling, the court reiterated that the discovery rule was not applicable. This appeal followed.

## STANDARD OF REVIEW

■ The purpose of a motion to dismiss under section 2—619 is to dispose of issues of law and easily proved issues of fact. *Tatara v. Peterson Diving Service*, 283 Ill. App. 3d 1031, 1037 (1996). We must accept all well-pleaded facts in the motion as well as reasonable inferences that can be drawn from those facts. *Wolf v. Buesser*, 279 Ill. App. 3d 217, 221 (1996). Our review of a trial court order granting a motion to dismiss is *de novo*. *Greb v. Forest Preserve District*, 323 Ill. App. 3d 461, 463 (2001).

## ANALYSIS

Plaintiff argues that the trial court erred in applying the two-year statute of limitations found in section 2 of the Act (740 ILCS 180/2 (West 1998)). According to plaintiff, the four-year statute of limitations found in section 13—214(a) of the Code (735 ILCS 5/13—214(a) (West 1998)) applies to her cause of action. Plaintiff notes that her husband was killed in a construction-related accident and that section 13—214 addresses the limitations period for construction-related actions. Thus, she reasons that the "specific" statute of limitations found in section 13—214 should prevail over the "general" statute of limitations found in section 2 of the Act.

■ The issue raised in this case is one of statutory construction. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Owens*, 323 Ill. App. 3d

222, 228 (2001). Plaintiff's argument rests on the premise that either section 13—214(a) of the Code or section 2 of the Act could apply to her cause of action. We do not dispute that, when two limitations periods are applicable to a particular action, the more specific statute generally applies. See *Tosado v. Miller*, 188 Ill. 2d 186, 191 (1999); *Roark v. Macoupin Creek District*, 316 Ill. App. 3d 835, 842 (2000). However, where there is an alleged conflict between two statutes, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible. *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 427 (1998). We determine that plaintiff's argument is based on a misunderstanding of the function of the Act and its interplay with the limitations period found in section 13—214(a) of the Code.

■ Essentially, plaintiff attempts to treat her wrongful death complaint as if it were a claim under the Survival Act (755 ILCS 5/27—6 (West 1998)). However, the purposes of the two statutes are different. The Survival Act allows a decedent's survivors to recover damages for injuries suffered by the decedent prior to death. *Wyness v. Armstrong World Industries, Inc.*, 131 Ill. 2d 403, 410 (1989). However, plaintiff's complaint is one for wrongful death. A wrongful death action allows a recovery for damages because of the loss of the deceased. *Wyness*, 131 Ill. 2d at 410. In other words, the purpose of the Act is to compensate the surviving spouse and next of kin for the pecuniary losses sustained due to the decedent's death. *Mio v. Alberto-Culver Co.*, 306 Ill. App. 3d 822, 825 (1999).

Also insightful to our analysis is an examination of the history of the Act. A cause of action for wrongful death did not exist at common law. *Rallo v. Crossroads Clinic, Inc.*, 206 Ill. App. 3d 676, 680 (1990). In adopting the Act, the General Assembly created a separate and independent cause of action for damages arising from a decedent's wrongful death. *Mio*, 306 Ill. App. 3d at 825; see also *Wyness*, 131 Ill. 2d at 413 (noting that the Act created a new cause of action). As a creature of legislative enactment, the Act itself is the source for determining who may sue and under what conditions, and the Act must be strictly construed. *Forthenberry v. Franciscan Sisters Health Care Corp.*, 156 Ill. App. 3d 634, 636 (1987).

■ Section 1 of the Act provides in relevant part:
"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation

which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." 740 ILCS 180/1 (West 1998).

Illinois courts interpreting the Act have long found that a wrongful death action will lie only where the deceased had a claim that was not time-barred on or before his death. *Mooney v. City of Chicago*, 239 Ill. 414, 423 (1909); *O'Brien v. O'Donoghue*, 292 Ill. App. 3d 699, 703 (1997); *Kessinger v. Grefco, Inc.*, 251 Ill. App. 3d 980, 985 (1993); *Wolfe v. Westlake Community Hospital*, 173 Ill. App. 3d 608, 612 (1988); *Fountas v. Breed*, 118 Ill. App. 3d 669, 674 (1983). Once it is determined that the decedent's cause of action was not time-barred, section 2 of the Act governs the time within which a wrongful death action may be brought. Section 2 of the Act provides that "[e]very *** action shall be commenced within 2 years after the death of such person." 740 ILCS 180/2 (West 1998). Since the precipitating injury in a wrongful death action is the death (*Wyness*, 131 Ill. 2d at 414-15), section 2 of the Act provides a plaintiff with a two-year statute of limitations that begins to run on the date of the decedent's death (*Wolfe*, 173 Ill. App. 3d at 612; *Fountas*, 118 Ill. App. 3d at 674 (noting that the controlling date in wrongful death actions is the date of death)). Our supreme court has determined that the requirement that a plaintiff file his or her action within two years is a condition precedent to the filing of a wrongful death action. *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 361 (1995); *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222, 225 (1938).

In light of the foregoing discussion, we find that there is a reasonable interpretation of the statutes involved that avoids an inconsistency and gives effect to both statutes. Plaintiff's cause of action is based on the Act. As such, the only limitations period applicable to her claim is the two-year statute of limitations period found in section 2 of the Act. Thus, plaintiff had two years from the date of her husband's death to file a wrongful death action provided that plaintiff's decedent had a claim that was not time-barred at the time of his death. For purposes of determining whether plaintiff's decedent had a claim that was time-barred at the time of his death, we use the limitations period found in section 13—214(a), which applies to construction-related actions. In other words, section 13—214(a) of the Code applied to plaintiff's decedent to the extent that he could have filed an action against defendants during his lifetime. In this case, plaintiff's decedent died on the same day that he sustained his injuries. Thus, it is evident that plaintiff's decedent had a claim that was not time-barred on the

date of his death. Since plaintiff did not commence her wrongful death action within two years after her husband's death, it was time-barred.

We note that our view of the interplay between section 13—214(a) of the Code and section 2 of the Act gives effect to the aim of both statutory provisions. It recognizes the legislature's intent to protect persons involved in the design and construction of buildings from potentially unlimited liability (see *La Salle National Bank v. Edward M. Cohon & Associates, Ltd.*, 177 Ill. App. 3d 464, 469 (1988)) while also allowing a reasonable time for a surviving spouse or next of kin to bring an action for the pecuniary losses sustained due to the decedent's death (*Mio*, 306 Ill. App. 3d at 825).

Nevertheless, in support of her position, plaintiff cites several cases in which courts have applied the construction statute of repose (735 ILCS 5/13—214(b) (West 1998)) to wrongful death actions. See, *e.g.*, *Herriott v. Allied Signal, Inc.*, 998 F.2d 487, 491 (7th Cir. 1993) (holding wrongful death action barred by 10-year construction statute of repose); *Risch v. Paul J. Krez Co.*, 287 Ill. App. 3d 194, 198-99 (1997) (same); *O'Brien v. City of Chicago*, 285 Ill. App. 3d 864, 870 (1996) (same). Plaintiff reasons that subsections (a) and (b) of section 13—214 should be construed together and that these cases support her argument that wrongful death actions fall within the purview of section 13—214(a). We find the cases cited by plaintiff of little precedential value. In none of the cases cited by plaintiff was the reviewing court asked to decide whether the construction statute of repose governed over the Act's two-year statute of limitations. In fact, none of these cases cite to or mention the Act's two-year limitations period.

We are also unpersuaded by plaintiff's reliance on cases comparing the limitations period in section 13—214(a) of the Code with the limitations period found in other statutory provisions of the Code. None of those cases addressed the role of the Act's limitations period. See, *e.g.*, *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 196 (1992) (holding that the limitations period in section 13—214(a) takes precedence over the limitations period for personal injuries found in section 13—202 of the Code); *Tatara*, 283 Ill. App. 3d at 1038 (same); *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437, 443, 446-47 (1993) (finding that (1) in suit against municipality, limitations period for construction-related actions found in section 13—214(a) of the Code applies over limitations period found in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1991, ch. 85, par. 8—101) because former statute was enacted after latter provision; and (2) section 13—214(a), as a specific statutory provision, takes precedence over the limitations period for certain actions found in section 13—205 of the Code); *American*

*National Bank & Trust Co. of Chicago v. Booth/Hansen Associates, Ltd.*, 186 Ill. App. 3d 865, 867-69 (1989) (holding that the then two-year statute of limitations for construction-related actions found in section 13—214(a) of the Code applies over the five-year statute of limitations period for certain actions found in section 13—205 of the Code); *Commonwealth Edison Co. v. Walsh Construction Co.*, 177 Ill. App. 3d 373, 379 (1988) (same); *La Salle National Bank*, 177 Ill. App. 3d at 473 (holding that limitations period in section 13—214(a) of the Code applies over limitations period for contribution actions found in section 13—204 of the Code because former provision is more specific). But see *Antunes v. Sookhakitch*, 181 Ill. App. 3d 621, 628 (1989), *aff'd on other grounds*, 146 Ill. 2d 477 (1992) (holding that statute of limitations for contribution actions found in section 13—204 of the Code applies over limitations period for malpractice actions found in section 13—212 of the Code; where the plaintiff's complaint was based solely on Contribution Act (Ill. Rev. Stat. 1985, ch. 70, par. 301 *et seq.*), section 13—204 is more specific than section 13—212).

Plaintiff also finds support for her position in cases involving the interplay between the limitations period relating to medical malpractice actions (735 ILCS 5/13—212(a) (West 1998)) and the limitations period in section 2 of the Act. For instance, in *Durham v. Michael Reese Hospital*, 254 Ill. App. 3d 492, 495 (1993), the plaintiff filed a wrongful death action predicated on medical malpractice within two years of her husband's death. The trial court dismissed the action as untimely. The reviewing court affirmed, holding that the four-year medical malpractice statute of repose barred the plaintiff's action because it was filed more than four years after the date of the alleged negligent treatment. See also *Limer v. Lyman*, 220 Ill. App. 3d 1036, 1043 (1991) (concluding that medical malpractice statute of repose found in section 13—212(a) of the Code operated to bar the plaintiff's wrongful death action); *Wolfe v. Westlake Community Hospital*, 173 Ill. App. 3d 608, 612 (1988) (finding that the plaintiff had two years from the date of her husband's death to file her wrongful death claim provided that two-year limitations period did not exceed four-year medical malpractice statute of repose).

However, we do not agree that this line of cases supports plaintiff's contention that the limitations period in section 13—214(a) prevails over the limitations period in section 2 of the Act. Notably, plaintiff's reliance on these cases is misplaced because the language of section 13—212(a) is fundamentally different from the language the legislature used in enacting section 13—214(a) of the Code.

Section 13—214(a) provides, in pertinent part:

"Actions based upon tort, contract or otherwise against any

person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." 735 ILCS 5/13—214(a) (West 1998).

Section 13—212(a) states:

> "[N]o action for damages *for injury or death* against any physician *** or hospital *** whether based upon tort, or breach of contract, or otherwise, *** shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such *injury or death*." (Emphasis added.) 735 ILCS 5/13—212(a) (West 1998).

The language used in section 13—212(a) of the Code and section 13—214(a) of the Code contains some similarities. For instance, both apply to actions based in tort, contract, or "otherwise." Plaintiff urges that her suit is one for "tort, contract or otherwise" and that we should therefore apply the limitations period in section 13—214(a) of the Code. However, plaintiff's position would require us to disregard the fundamental rule of statutory construction that no word or phrase should be rendered superfluous or meaningless. See *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189 (1990). Plaintiff ignores the fact that, unlike section 13—212(a), section 13—214(a) does not expressly refer to damages resulting in death. Thus, we reiterate that the limitations period in section 13—214(a) does not apply to actions brought pursuant to the Act.

Alternatively, plaintiff claims that she filed her complaint within two years of the time she discovered that defendants' negligent conduct could or might have caused decedent's death. Thus, plaintiff argues that, even if the Act's two-year statute of limitation applies, the discovery rule acts to preserve her cause of action. We disagree.

■ The application of the discovery rule postpones the commencement of the relevant statute of limitations until an injured party knows or reasonably should know that he has been injured and that his injury was wrongfully caused. *Golla v. General Motors Corp.*, 167 Ill. 2d 353, 361 (1995). The term "wrongfully caused" refers to the point in time in which "the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 416 (1981).

■ Historically, the limitations period for bringing a wrongful death action has been regarded as a condition precedent, not modified or affected by the general statute of limitations. *Fure v. Sherman Hospital*, 64 Ill. App. 3d 259, 264 (1978). However, as plaintiff correctly notes, the discovery rule has been applied to wrongful death actions under certain circumstances. See, *e.g.*, *Coleman v. Hinsdale Emergency Medical Corp.*, 108 Ill. App. 3d 525, 529 (1982) (holding that discovery rule applied to wrongful death action predicated on medical malpractice); *Fure*, 64 Ill. App. 3d 259 (same). Nevertheless, our supreme court has stated that, where an individual's injuries are caused by a sudden traumatic event, the cause of action accrues and the statute of limitations begins to run when the injury occurred. *Golla*, 167 Ill. 2d at 362. A traumatic injury is one in which the damage is caused by external violence or in which the injury is immediate and caused by an external force. *Clark v. Galen Hospital Illinois, Inc.*, 322 Ill. App. 3d 64, 69 (2001). In contrast, where the injury is an aggravation of a physical problem that may naturally develop, absent negligent causes, neither its existence nor potential wrongful cause may immediately be known. *Janetis v. Christensen*, 200 Ill. App. 3d 581, 586-87 (1990). In the latter situation, it is considered unfair to bar a negligently injured individual's cause of action before he has a chance to discover that it exists. *Clark*, 322 Ill. App. 3d at 70.

■ In this case, plaintiff's decedent's injury occurred on September 24, 1996, when he fell from the structural steel framework of the Wal-Mart store. Thus, the type of injury that led to the death of plaintiff's decedent was not the aggravation of a physical problem that may naturally develop absent negligent causes. Nor was plaintiff's decedent's injury latent. Rather, the injury was immediate and caused by an external force. As such, plaintiff's decedent's injury qualifies as the type of "sudden traumatic event" contemplated by *Golla*. Accordingly, the limitations period in this case began to run on September 24, 1996.

Plaintiff claims that *Golla* is distinguishable on the basis that the plaintiff in that case was the injured party. Plaintiff argues that, as the wife of the injured party, it is reasonable to expect that it would take her a longer time to discover if a cause of action existed. We find plaintiff's argument unpersuasive. Plaintiff's decedent died after falling from a building. Given the circumstances of plaintiff's death, we find that as of September 24, 1996, plaintiff possessed sufficient information to put her on notice to determine whether actionable conduct was involved. See *Knox*, 88 Ill. 2d at 416.

We acknowledge that, in *Praznik v. Sport Aero, Inc.*, 42 Ill. App. 3d 330 (1976), the reviewing court applied the discovery rule to a wrong-

ful death case arising from a "sudden traumatic" accident. However, *Praznik* is factually distinguishable. In that case, the plaintiff's decedent died in an airplane crash. Although the crash apparently occurred on March 29, 1969, the date of the decedent's disappearance, it was not until November 1971 that the actual wreckage of the aircraft was discovered. The plaintiff filed her original complaint on March 29, 1971, naming Sport Aero as the defendant. An amended complaint, filed on May 5, 1972, added defendant Fey. In response, Fey pleaded an affirmative defense. He claimed that plaintiff's action was barred by the two-year limitations period for wrongful death claims. The trial court struck Fey's affirmative defense and entered an order certifying the issue for interlocutory review. The appellate court allowed leave to appeal.

On appeal, Fey argued that the Act's two-year statute of limitations period applied to bar the plaintiff's wrongful death action. The plaintiff contended that her cause of action did not accrue until November 1971, when the wreckage of the aircraft was discovered. Plaintiff reasoned that it was not until that time that she knew with any certainty of the decedent's death and the circumstances surrounding the death. The reviewing court conceded that, as a general matter, because the Act is a creature of statute, the discovery rule may not be invoked to save a cause of action that is time-barred. *Praznik*, 42 Ill. App. 3d at 335. Nevertheless, the court found it prudent to create an exception to the general rule where the time and circumstances of an individual's death are unknown. *Praznik*, 42 Ill. App. 3d at 335. The court determined that until the aircraft wreckage was discovered there was a possibility, however remote, that the decedent was still alive. *Praznik*, 42 Ill. App. 3d at 336. The holding in *Praznik* is limited to those cases in which the time of an individual's death is unknown. In the instant case, it is undisputed that plaintiff was aware of her husband's death on the date it occurred.

## CONCLUSION

In short, we conclude that, because plaintiff failed to file her wrongful death action within two years after her husband's death, her claim is time-barred. Moreover, we determine that the discovery rule does not preserve plaintiff's cause of action. Accordingly, we affirm the judgment of the circuit court of De Kalb County.

Affirmed.

HUTCHINSON, P.J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent.

Section 13—214(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13—214(a) (West 1998)) provides that "actions based upon *tort, contract or otherwise* against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 4 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Emphasis added.) Plaintiff's action was commenced within the four-year limitations period.

Plaintiff argues that her wrongful death suit is one for "tort, contract or otherwise" and that, therefore, the four-year period of limitations in section 13—214(a) of the Code should apply. I agree.

In *Hayes v. Mercy Hospital & Medical Center*, 136 Ill. 2d 450 (1990), our supreme court interpreted the phrase "or otherwise" contained in section 13—212(a) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(a)), which is the medical malpractice statute of repose. The court stated:

"The inclusion of the term 'or otherwise' following more restrictive language in the statute seems to us to indicate that the legislature intended the term to be all-inclusive. We believe that the term demonstrates the General Assembly's desire at the time it originally enacted the statute to limit a physician's exposure to liability for damages for injury or death arising out of patient care under all theories of liability, whether then existing or not." *Hayes*, 136 Ill. 2d at 458-59.

In *Carlson v. Moline Board of Education, School District No. 40*, 231 Ill. App. 3d 493 (1992), the court adopted the supreme court's reasoning in *Hayes* and concluded that the two-year statute of limitations (subsequently extended to four years) in section 13—214(a) of the Code barred the third-party contribution action. Relying on *Hayes*, the court held that, when describing the type of actions to which the limitations provision of section 13—214(a) applies, the term "otherwise" had the same meaning in the statute of limitations provision as it did in the medical statute of repose provision interpreted in *Hayes*. *Carlson*, 231 Ill. App. 3d at 496. In other words, the term was all-inclusive. The court concluded that the limitations provision of section 13—214(a) applied to contribution actions based on "an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." *Carlson*, 231 Ill. App. 3d at 497; see also *La Salle National Bank v.*

*Edward M. Cohon & Associates, Ltd.*, 177 Ill. App. 3d 464, 472 (1988), (the "otherwise" language of the limitations provision set forth in section 13—214(a) is broad and includes an action for contribution). I also believe that the term "otherwise" in section 13—214(a) is intended to be all-inclusive. In my view, the "otherwise" language of the provision applies to any action, including a wrongful death action, based on an act or omission in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property.

Although my research has revealed no Illinois cases exactly on point, it would appear that actions under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 1998)) would also be encompassed by the term "tort" set forth in section 13—214(a) of the Code. A "tort" is "a wrongful act for which a civil action will lie except one involving a breach of contract: a civil wrong independent of a contract." Webster's Third New International Dictionary 2413 (1986); see also Black's Law Dictionary 1496 (7th ed. 1999). To maintain a claim under the Wrongful Death Act (Act), a plaintiff must demonstrate that defendant owed a duty to decedent; that defendant breached that duty; that the breach of duty proximately caused decedent's death; and that pecuniary damages arose therefrom to persons designated under the Act. *Leavitt v. Farwell Tower, Ltd. Partnership*, 252 Ill. App. 3d 260, 264 (1993). A wrongful death action requires proof of the same elements—duty, breach of the duty, proximate cause and damages—as a common-law negligence action, a classic action in tort.

Plaintiff also contends that section 3—214(a) of the Code takes precedence over section 2 of the Wrongful Death Act (740 ILCS 180/2 (West 1998)) because section 13—214(a) is more specific than section 2 of the Act. I agree. The Wrongful Death Act applies generally to actions arising from the death of a decedent, regardless of the type of activity from which the cause of action arose. On the other hand, section 13—214(a) of the Code "has been called a 'special statute of limitations' [citation] and a 'specific' statute of limitations [citation] and specifically applies to actions arising out of certain conduct, *i.e.*, that related to construction activities." *La Salle National Bank*, 177 Ill. App. 3d at 473. When two limitations periods are applicable to a particular action, the more specific statute generally applies. *Tosado v. Miller*, 188 Ill. 2d 186, 191 (1999).

Because section 13—214(a) of the Code is more specific than section 2 of the Wrongful Death Act and because I believe a wrongful death action is one for "tort, contract or otherwise," I would find that the four-year limitations period set forth in section 13—214(a) applies to plaintiff's cause of action. As plaintiff brought her action within the

applicable four-year period, I would reverse the circuit court's order dismissing her complaint as time-barred.