SIXTH DIVISION

September 22, 2000

No. 1-98-3674

BENJAMIN GARY WALKER, ) Appeal from the

 ) Circuit Court of

Plaintiff, ) Cook County.

 )

v. )

 )

RIDGEVIEW CONSTRUCTION COMPANY, INC., a )

corporation, PEPPER CONSTRUCTION COMPANY,) 

a corporation, LOEBL, SCHLOSSMAN AND )

HACKL, a partnership and ADVANCE MECHANI-)

CAL SYSTEMS, INC., a corporation, )

 )

Defendants, )

 ) No. 93 M 63906

(Ridgeview Construction Company, )

 )

Third-Party Plaintiff-Appellee, )

 )

v. )

 )

Gateway Concrete Forming Systems, Inc., ) The Honorable

 ) 
Patrick S. Grossi
,

Third-Party Defendant-Appellant). ) Presiding Judge.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises out of a third-party action.  Plaintiff Benjamin Walker brought an action against Ridgeview Construction Company (Ridgeview) and others for injuries sustained at a construction project.  In turn, Ridgeview brought a third-party action against Walker's employer, Gateway Concrete Forming Systems, Inc. (Gateway), for contribution and breach of contract. Ridgeview settled with Walker in the principal action for $100,000.  Then, on April 6, 1998, after a bench trial of the third-party action, the trial court found in favor of third-party plaintiff Ridgeview and against third-party defendant Gateway and entered judgment for $290,906.89 plus costs.  On April 29, 1998, the trial court entered an order granting Ridgeview's motion to amend the complaint to change all references to Ridgeview to read "Ridgeview Construction Company, for the use of General Casualty Insurance Company."  On June 1, 1998, Gateway filed a posttrial motion wherein it argued that (1) Ridgeview was not entitled to damages; (2) the trial court erred in allowing Ridgeview to make a postjudgment amendment to its complaint; (3) Ridgeview waived its right to seek insurance coverage pursuant to its contract with Gateway; (4) the trial court erred in excluding parol evidence; and (5) Ridgeview failed to prove the reasonableness of its legal fees.  On August 27, 1998, the trial court denied Gateway's posttrial motion.  Gateway now appeals from the order entered on April 6, 1998, finding in favor of Ridgeview and entering judgment for $290,906.89 plus costs; from the order entered on April 29, 1998, granting Ridgeview's motion to amend; and from the order entered on August 27, 1998, denying Gateway's posttrial motion.  Gateway contends that the trial court erred:  (1) in entering judgment for Ridgeview because Ridgeview suffered no damages; (2) in allowing Ridgeview to amend the complaint to name General Casualty Insurance Company as the real party in interest; (3) in excluding parol evidence of the parties' understanding of Gateway's alleged obligation to purchase insurance; (4) in failing to recognize that Ridgeview waived its right to enforce aspects of its contract against Gateway; and (5) in awarding Ridgeview legal fees because Ridgeview did not prove the fees incurred in its defense were reasonable.  For the reasons that follow, we now reverse.

STATEMENT OF FACTS

Plaintiff Benjamin Gary Walker was injured in a 1992 construction accident while working on the South Chicago Community Hospital construction project.  Walker sued Pepper Construction Company, the general contractor, and certain subcontractors, including Ridgeview, alleging negligence and violations of the Illinois Structural Work Act (740 ILCS 150/1 
et seq.
 (West 1994)).  On November 25, 1997, Pepper Construction Company, Advance Mechanical Systems, Inc., and Ridgeview filed a second amended third-party complaint against Walker's employer, Gateway, primarily alleging that Gateway had been negligent in supervising Walker and, thus, at least partly responsible for his injuries.  The principal action went to trial, but Ridgeview settled with Walker for $100,000 prior to trial.  Ridgeview's liability carrier, General Casualty Insurance Company (General Casualty), paid the settlement on Ridgeview's behalf and also fully financed Ridgeview's defense in the Walker lawsuit up to the settlement.  Thereafter, on January 20, 1998, judgment was entered on the verdict for Walker and his wife and against Pepper Construction Company in the amounts of $2,450,000 and $25,000, respectively.

In addition to its claim for contribution, Ridgeview's third-

party action against Gateway also alleged that Gateway had been contractually obligated to maintain liability insurance that would have covered Ridgeview for lawsuits such as Walker's.  Ridgeview's second amended third-party complaint alleged that Gateway had allowed Ridgeview's coverage to lapse after the first year, in alleged violation of the contract.  As a result of that breach, Ridgeview sought to recover from Gateway the costs and expenses of litigating the principal action.

The circuit court tried that aspect of the third-party action without a jury shortly after the conclusion of the trial of the main action.  At the bench trial on February 2, 1998, Ridgeview presented the testimony of Scott Smeja, its vice-president, who confirmed that General Casualty paid the entire portion of the judgment attributable to Ridgeview, as well as the attorney fees and legal costs associated with the original trial.

Gateway moved for a directed finding on the basis of Smeja's testimony, arguing that Ridgeview could not set forth a 
prima facie
 case for breach of contract because Ridgeview had not suffered any damages.  Gateway also argued that Ridgeview had not proved the reasonableness of the legal fees incurred.  The trial judge denied the motion and, on April 6, 1998, ultimately entered judgment in favor of Ridgeview in the amount of $290,906.89, plus costs.

At a subsequent status hearing, Ridgeview orally moved for leave to amend its third-party complaint to reflect that the real party in interest was its liability insurer, General Casualty.  The court granted the request and, on April 29, 1998, ordered that the pleading would be "amended on its face, 
instanter
," to reflect General Casualty's interest.  Gateway subsequently filed a posttrial motion which the trial court denied.  Gateway now appeals.

DISCUSSION

A.  BREACH OF CONTRACT

Gateway first contends that the trial court erred in entering judgment for Ridgeview because Ridgeview did not suffer any damages.

The standard of review we apply when a challenge is made to the trial court's ruling following a bench trial is whether the trial court's judgment is against the manifest weight of the evidence.  See 
Bazydlo v. Volant
, 164 Ill. 2d 207, 215 (1995); 
In re Gilman Community Fire Protection District
, 303 Ill. App. 3d 246, 248 (1999).  A reviewing court will not reverse a trial court's decision merely because different conclusions can be drawn; an opposite conclusion must be clearly evident.  See 
In re Gilman Community Fire Protection District
, 303 Ill. App. 3d at 246.

In order to show a breach of contract, a plaintiff must show that (a) a contract exists between plaintiff and defendant, (b) plaintiff performed her obligations under the contract, (c) defendant did not perform his obligations under the contract, and (d) damages resulted from the breach.  See 
Wilkonson v. Yovetich
, 249 Ill. App. 3d 439, 449 (1993).  Here, the testimony of Smeja clearly established that Ridgeview paid neither the settlement with Walker nor any of the legal fees incurred in its defense.  There was no testimony that Ridgeview paid any deductible amount or that its insurance premiums were affected.  In the absence of testimony that Ridgeview suffered damages, Ridgeview cannot maintain a breach of contract action.

The purpose of damages is to put the nonbreaching party into the position he or she would have been in had the contract been performed, but not in a better position.  Compensation awarded in a breach of contract action should not provide plaintiff with a windfall.  See 
Harden v. Playboy Enterprises, Inc.
, 261 Ill. App. 3d 443, 454 (1993).  Because Ridgeview failed to prove that it suffered damages, an essential element of a breach of contract action, Gateway was entitled to a directed finding as a matter of law.  See 
Prevendar v. Thonn
, 166 Ill. App. 3d 30, 36 (1988).

Accordingly, we find that the trial court's denial of Gateway's motion for a directed verdict was against the manifest weight of the evidence.

B.  AMENDMENT TO COMPLAINT

When the trial court denied Gateway's motion for a directed verdict and entered judgment in favor of Ridgeview and against Gateway for $290,906.89 plus costs on April 6, 1998, the court also allowed Ridgeview to amend its complaint.  Thereafter, on April 29, 1998, three weeks after judgment was entered, the trial court granted Ridgeview's motion to amend the complaint to change all references to Ridgeview to read "Ridgeview Construction Company, for the use of General Casualty Insurance Company."   Ridgeview asserts that by allowing the amendment, the "defect" in its complaint, 
i.e.
, its inability to prove damages, was effectively cured.  Gateway, however, challenges the propriety of the amend-

ment.

There are four factors to examine when assessing the propriety of the trial court's ruling on a motion to amend:  (1) whether the proposed amendment would cure the defect in the pleading; (2) whether other parties would be prejudiced or surprised by the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether the party seeking to amend had other opportunities to do so.  See 
Loyola Academy v. S&S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 273-74 (1992); 
State Farm Fire & Casualty Co. v. M. Walter Roofing Co.
, 271 Ill. App. 3d 42, 49 (1995).

Gateway contends that the amendment did not cure the defect in Ridgeview's pleadings, 
i.e.
, that Ridgeview did not prove damages.  Ridgeview argues, however, that by amending the complaint to name General Casualty as the real party in interest, the trial court has allowed General Casualty to recover as Ridgeview's subrogee.

As recognized by the Illinois Supreme Court, the doctrine of subrogation is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid.  See 
Dix Mutual Insurance Co. v. LaFramboise
, 149 Ill. 2d 314, 319 (1992).  The right of subrogation is an equitable remedy which rests on the principle that substantial justice should be attained by placing ultimate responsibility for the loss upon the one against whom in good conscience it ought to fall.  See  
Dix Mutual Insurance Co.
, 149 Ill. 2d at 319.  Subrogation is allowed to prevent injustice but will not be allowed where it would be inequitable to do so.  See  
Dix Mutual Insurance Co.
, 149 Ill. 2d at 319.  Indeed, Gateway does not quarrel with General Casualty's right to bring a subrogation action.  Instead, Gateway challenges whether it was proper for General Casualty to wait until after final judgment before asserting such a right.

We agree with Gateway and find that this was not a proper amendment and that it did not transform the action into one of subrogation.  First, the change to the complaint effected by the amendment was in form only, not substance.  As argued by Gateway, there is a substantive difference between a subrogation action and a breach of contract action.  Section 2-403(c) of the Illinois Code of Civil Procedure provides:

"Any action hereafter brought by virtue of the subrogation provision of any contract or by virtue of subrogation by operation of law shall be brought either in the name or for the use of the subrogee; and the subrogee shall in his or her pleading on oath, or by his or her affidavit if pleading is not required, allege that he or she is the actual bona fide subrogee and set forth how and when he or she became subrogee."  735 ILCS 5/2-403(c) (West 1992).

The interest of the subrogee cannot be concealed in any proceeding brought for its benefit, but it either must be named as the plaintiff or disclosed as the real party in interest.  See 
Shaw v. Close
, 92 Ill. App. 2d 1 (1968).  Here, none of the requirements for a subrogation action were met by the amendment to the complaint.  Therefore, because General Casualty was not properly named as subrogee, the breach of contract action must fail for the reasons set forth in part A above.

In addition, as Gateway contends, Ridgeview's amendment prejudiced Gateway.  Gateway conducted discovery based on Ridge-

view's status as plaintiff and did not seek any information as to Ridgeview's insurer.  According to Gateway, it also made a number of strategic decisions based on the identities of the parties such as its decision not to demand a jury trial.  Also, Ridgeview offered no justification for the untimeliness of the amendment.  Indeed, the amendment came three weeks after judgment was entered.  Moreover, Ridgeview possessed many opportunities to amend its complaint.  As Gateway noted, Ridgeview twice amended its complaint --once to add a breach of contract count and once again thereafter. 

Accordingly, after a review of all the relevant factors, we find that allowing the amendment was improper.

CONCLUSION

For the foregoing reasons, we hereby reverse.

Reversed.

Campbell
, P.J., and 
Zwick
, J., concur.