# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Illinois Bell Telephone Link-Up II & Late Charge Litigation*,
**2013 IL App (1st) 113349**

---

| | |
|---|---|
| Appellate Court Caption | *In re* ILLINOIS BELL TELEPHONE LINK-UP II AND LATE CHARGE LITIGATION. |
| District & No. | First District, Third Division<br>Docket No. 1-11-3349 |
| Filed | June 28, 2013 |
| Rehearing denied | July 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a class action arising from a claim that defendant telephone company assessed late charges on bills mailed without a dated postmark, the trial court properly denied the class's motion for summary judgment and disgorgement of the late fees collected following the settlement of the case based on defendant's alleged breach of the agreement by failing to provide a dated mark on billing envelopes, since class counsel failed to show that disgorgement was warranted by the alleged breach, especially when some customers paid late for reasons unrelated to the absence of a dated mark on the envelope and counsel simply demanded all the late fees collected, and no finding was made that the alleged breach was illegal or that defendant was unjustly enriched. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CH-13088; the Hon. Stuart E. Palmer, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Krislov & Associates, Ltd., of Chicago (Clinton A. Krislov and Eli Korer, of counsel), for appellant. |
| | |
| | Mayer Brown LLP, of Chicago (John E. Muench and Demetrios G. Metropoulos, of counsel), for appellee. |
| | |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. |
| | Justices Sterba and Hyman concurred in the judgment and opinion. |

## OPINION

¶ 1  Class counsel appeals the ruling of the circuit court denying the class's motion for summary judgment and the second amended motion to enforce the settlement agreement. On October 24, 2011, the circuit court granted defendant's motion to terminate the proceedings. The notice of appeal was timely filed on November 23, 2011. Appellant filed a motion to consolidate this appeal with *Cahnman v. SBC Illinois*, No. 1-11-3350, on June 5, 2012. This court denied the motion to consolidate on June 21, 2012; however, the court agreed to consider the cases as related. Plaintiff then filed a motion to reconsider that decision, which was subsequently denied on July 3, 2012. After oral argument this court permitted supplemental briefing on the issue of whether disgorgement is an appropriate remedy under the facts of this case.

¶ 2  Class counsel argues on appeal: (1) that the circuit court erred in denying class counsel's motion for summary judgment and requested order to refund late fees collected during the period defendant was in breach of the settlement agreement; and (2) the circuit court erred when it ruled that evidence was required to show the improper billing procedures (no postmark on the envelope) induced class members to pay the bills late and thereby incur damages and late fees before granting the motion and awarding damages.

¶ 3             BACKGROUND

¶ 4  This matter has a long procedural history. In 1991, a class action suit was filed against defendant Illinois Bell (now AT&T) in the circuit court of Cook County for damages arising from its assessment of late payment charges on consumer bills which were mailed without a dated postmark (the Morrison Litigation). Generally, bills were payable within 21 days of mailing. The class maintained it could not determine the due date without a postmarked envelope that showed the mailing date as required by law. Allegedly defendant sent bills to customers without postmarks and at times set due dates earlier than 21 days from the time

the bill was placed in the mail. As a result, the class alleged that customers were then improperly charged late fees prior to the actual date the charge legally accrued.

¶ 5    The class also filed a complaint with the Illinois Commerce Commission (ICC). Krislov v. AT&T Illinois, No. 06-0421. The circuit court stayed the class action proceedings while the ICC complaint was pending. Prior to trial before the ICC, the class action litigation settled. The circuit court approved the settlement agreement on March 4, 1994, and retained jurisdiction to enforce the agreement.

¶ 6    The settlement agreement recited historical facts and claims, including, that the class claimed AT&T violated the law in assessing late fees. AT&T "denied all liability." The settlement agreement provides that AT&T would place the dated mark on the billing envelope "for so long as the applicable statutes and/or regulations have not been changed, or a waiver granted, to eliminate the requirement of bill dating on customer bills or bill envelopes." The agreement does not address the circumstances necessary for the assessment of a late payment fee. The terms of the settlement agreement required defendant to place a date mark on each bill's envelope indicating the actual date of mailing as long as any applicable regulations or statutes so required. The agreement also provided that the members of the class were enjoined from bringing any future claim based on a lack of dated postmarks on the envelopes. Class counsel was permitted the right to monitor AT&T's implementation of the settlement. The settlement agreement did not provide for damages or other relief resulting from a breach of the agreement by either party. The class elected to settle instead of "pursuing their individual damage claims."

¶ 7    In July 2005, class counsel discovered that defendant changed its bill dating procedures. Specifically, class counsel asserts that beginning in 2002 defendant no longer dated the outside of the envelope with the mailing date. Rather, AT&T printed a string of unidentifiable numbers on the bill itself. These numbers were visible in the envelope's window; however, what the number represented was only understood by defendant. Class counsel asserts that it addressed the matter with a representative of AT&T who contended that this new practice was in conformance with the settlement agreement. Class counsel asserts that this changed dating process was improper resulting in improper assessment of late fees from July 1, 2002 to February 2010.[1]

¶ 8    Class counsel then filed a motion to enforce the 1994 settlement agreement in the circuit court. Class counsel alleged that the printed string of numbers on the bill insert, rather than on the envelope, was a violation of section 735.160 of title 83 of the Illinois the Administrative Code (83 Ill. Adm. Code 735.160(a), (d), amended at 8 Ill. Reg. 5161 (eff. Apr. 13, 1984)) and a breach of the settlement agreement. Class counsel requested that the settlement agreement be enforced; an accounting for all late charges collected since the change in AT&T's postmark procedure; and other relief, including an award of costs and

---

[1]Until March 1, 2010, section 735.160(a) required that the due date of a bill "may not be less than 21 days after the postmark, if mailed." The section was amended to eliminate the postmark requirement effective March 1, 2010. 83 Ill. Adm. Code 735.160 (2010). As such class counsel is not seeking recovery of fees assessed after March 1, 2010.

-3-

fees. According to class counsel, AT&T unlawfully collected late fee charges in the amount of $126,068,865 during the relevant period. After limited discovery, on May 9, 2006, the circuit court denied the motion to enforce the settlement agreement. The circuit court found that the settlement agreement only required a dated mark, not specifically a postmark, and therefore no breach occurred. An appeal of the May 9, 2006 order followed.

¶ 9    On May 1, 2008, this court reversed the circuit court's May 9, 2006 order denying the motion to enforce the settlement agreement. *In re Illinois Bell Telephone Link-Up II & Late Charge Litigation*, No. 1-06-1675 (May 1, 2008) (unpublished order under Supreme Court Rule 23). We found that paragraph 34 of the settlement agreement refers to a dated mark and not specifically a postmark; however, the agreement required that Bell (now AT&T) place the mark on each customer bill envelope. We further found, that by placing the mark only on the bill itself, a dated mark was not placed on the envelope as required. Therefore, we found there was a breach of the settlement agreement and reversed the circuit court and remanded to the circuit court for further proceedings.

¶ 10    While the May 9, 2006 order was on appeal, class counsel filed a complaint with the ICC alleging AT&T's violation of section 735.160 due to its failure to place a postmark on the billing envelopes. In discovery, class counsel asserts he developed evidence to show that the change in AT&T's postmark policy was not inadvertent, but rather it was a conscious and willful violation done with the intent to save money and allegedly to promote efficiency in the billing process. The ICC dismissed the complaint on July 11, 2007. The ICC found that, while it had subject matter jurisdiction over the claim, class counsel could not bring the claim before the ICC because the claim was barred under the terms of the 1994 settlement agreement. Krislov appealed the ICC's dismissal order.

¶ 11    On September 18, 2008, this court affirmed the ICC's July 11, 2007 ruling, finding: (1) that the settlement agreement barred the new claims raised by Krislov regarding AT&T's purported violation of section 735.160; and (2) the ICC did not divest itself of jurisdiction over such claims if brought by non-class members or by the ICC. "Thus, we agree with the ICC that the settlement agreement clearly contemplated and encompassed future claims of this sort. Indeed, it seems likely that [class counsel] would not have filed the aforementioned related actions in the circuit court if this was not the case." *Krislov v. Illinois Commerce Comm'n*, No.1-07-2860 (Sept. 18, 2008) (unpublished order under Supreme Court Rule 23).

¶ 12    Upon remand of the instant lawsuit, on February 18, 2010, class counsel moved for summary judgment, arguing that no question of fact existed as to whether AT&T materially breached the 1994 agreement and that AT&T intentionally violated the postmark requirement in collecting late fees contrary to section 735.160 of title 83 of the Illinois Administrative Code. 83 Ill. Adm. Code 735.160(a), (d), amended at 8 Ill. Reg. 5161 (eff. Apr. 13, 1984). Class counsel requested an order refunding the "unlawfully-imposed late charges" as a result of the mailings, interest on late charges paid and an order requiring AT&T to comply with the 1994 settlement agreement.

¶ 13    On March 24, 2010, the circuit court denied plaintiff's motion for summary judgment finding "that the undisputed facts as alleged and proven herein do not show that Plaintiffs are entitled to a judgment as a matter of law." At this time, an issue was raised in the circuit

court as to whether AT&T's placement of the mark on the bill and visible in the envelope's window (as opposed to being placed on the exterior of the envelope) caused any customer to incur a late fee charge and, if so, what damages were sought by class counsel.

¶ 14 Class counsel then filed a motion to enter judgment pursuant to the May 1, 2008 order of this court in the Morrison Litigation and to set a damages discovery timetable. *In re Illinois Bell Telephone Link-Up II & Late Charge Litigation*, No. 1-06-1675 (May 1, 2008) (unpublished order under Supreme Court Rule 23). The circuit court entered an order on January 11, 2011, granting partial summary judgment finding "as alleged in the motion Bell's actions constitute a breach of the 1994 Settlement Agreement."

¶ 15 Subsequently, class counsel filed a second amended motion to enforce the settlement agreement. In the motion, class counsel requested the settlement agreement be enforced to require AT&T to place a dated postmark on the bill envelopes and account for all late charges collected. The class also requested discovery on any violations, a release of class members from their obligations under the settlement agreement and imposition of a constructive trust on the late charge revenue, including the amounts collected since July 1, 2002. AT&T's response included a request for the entry of judgment terminating the proceedings on the basis that class counsel failed to present any evidence of causation or damages. On October 24, 2011, the circuit court entered an order denying the second amended motion to enforce the settlement agreement and granted AT&T's motion to terminate the litigation.

¶ 16 Plaintiff contends that the circuit court erred in denying class counsel's motion for summary judgment and denial of the requested order to refund all late payment charges due to the failure to establish damages proximately caused by the breach. Defendant contends that should this court reverse the ruling on the issue of proximate cause, there are two alternative bases to uphold the denial of plaintiff's motion for summary judgment. First, defendant argues that class counsel's demand for disgorgement of the late payment charges was not properly before the circuit court since disgorgement is a matter within the exclusive jurisdiction of the ICC; and, second, the refund is barred by defendant's filed tariffs.

¶ 17                                    ANALYSIS

¶ 18 Based on the foregoing, at the point where the circuit court entered the orders now under appeal, the legal and factual situation was essentially as follows: class counsel filed a lawsuit claiming statutory and administrative violations which resulted in AT&T illegally collecting late fees that should be refunded to the class. Concurrently, class counsel filed claims before the ICC asserting essentially the same misconduct and seeking the same relief. Before the ICC matter went to trial, the parties settled and memorialized the settlement by agreeing, *inter alia*, that AT&T admitted no liability, it would place a dated mark on the billing envelope and would continue to do so for so long as the rules, tariffs and statutes so required. Class counsel was authorized to monitor compliance with the settlement agreement. Class counsel and all class members agreed to be enjoined from bringing any future claim based on the lack of a dated mark on the envelope in the future. Several years after the settlement was judicially approved, AT&T changed its marking procedures, causing class counsel to

seek relief from the ICC and the circuit court. The ICC denied relief because the settlement agreement barred the claim and this court affirmed that ruling. Class counsel also sought relief in the circuit court, which dismissed the action finding no breach of the settlement agreement had occurred. That ruling was reversed on appeal and remanded for further proceedings. On remand, the law of the case having established that there was a breach of the settlement agreement, summary judgment was granted in favor of class counsel finding AT&T in breach of the agreement. No class member or group of class members sought damages or presented a claim. The issue to be resolved was the relief, if any, that was warranted.

¶ 19     Class counsel concedes this is an action to enforce a settlement agreement and that these agreements are construed and enforced under principles of contract law. *Solar v. Weinberg*, 274 Ill. App. 3d 726, 731 (1995); *K4 Enterprises, Inc. v. Grater, Inc.*, 394 Ill. App. 3d 307, 313 (2009). The basic theory of damages in a breach of contract action requires that a plaintiff "establish an actual loss or measurable damages resulting from the breach in order to recover." *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 149 (2005). The proper measure of damages for a breach of contract is the amount of money necessary to place the plaintiff in a position as if the contract had been performed. *InsureOne Independent Insurance Agency, LLC v. Hallberg*, 2012 IL App (1st) 092385, ¶ 82. However, the claimant should not be placed in a better position, providing a windfall recovery. *Walker v. Ridgeview Construction Co.*, 316 Ill. App. 3d 592, 596 (2000). Damages which " 'naturally and generally result from a breach are recoverable.' " *Hallberg*, 2012 IL App (1st) 092385, ¶ 89 (quoting *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 306, 318 (1987)). Damages which are not the proximate cause of the breach are not allowed. *Feldstein v. Guinan*, 148 Ill. App. 3d 610, 613 (1986). Damages are an essential element of a breach of contract action and a claimant's failure to prove damages entitles the defendant to judgment as a matter of law. *Walker*, 316 Ill. App. 3d at 596; see *Prevendar v. Thonn*, 166 Ill. App. 3d 30, 36 (1988).

¶ 20     However, class counsel takes issue with whether evidence that establishes a causal relationship between the breach of the agreement and damages to a class member or the class is required. He argues that complete forfeiture or disgorgement of all late fees collected is the proper relief and evidence of a causal relationship is not required.

¶ 21     During one of the many hearings on class counsel's motion for summary judgment, there was a discussion as to the basis of the requested damages.

> "THE COURT: What are the damages that result from the settlement agreement. How were your clients damaged, not how they were enriched.
>
> ***
>
> In a contract action, we're not going to look at what [AT&T] reaped. We're going to look at what your clients lost. It's a very different equation.
>
> * * *
>
> MR. KRISLOV [Class Counsel]: My answer is: They were damaged to the extent that they paid late fees that [AT&T] was not entitled because they had not complied with either the mailing, the regulations or the dated–placing a dated mark readable by the

customer showing the actual date of the mailing."

¶ 22     At a subsequent hearing, class counsel reiterated his position,

"MR. KRISLOV: [The court's] basis is that we have to show that they didn't pay their bills and incurred a late charge, paid their bills late because of the absence of the date. That's not what we're saying.

What we're saying, Your Honor, is that the phone company was not entitled to collect these charges because they didn't fulfill the requirements that would entitle them to charge a late charge, which is to put a dated mark on the outside of the envelope so that it was confirmed. We're not suggest–we're not saying that people paid their bills late because they didn't have a date on the outside. There was a due date that they–that the phone company put in."

¶ 23     A claimant must "prove its damages to a reasonable degree of certainty, and accordingly the evidence it presents must not be remote, speculative, or uncertain." *Doornbos Heating & Air Conditioning, Inc. v. Schlenker*, 403 Ill. App. 3d 468, 485 (2010). The evidence submitted only needs to "show a basis for computation of damages with a fair degree of probability." *La Salle National Trust, N.A. v. Board of Directors of the 1100 Lake Shore Drive Condominium*, 287 Ill. App. 3d 449, 457 (1997); see also *Gill v. Foster*, 157 Ill. 2d 304, 311-13 (1993) ("In proving damages, the burden is on the plaintiff to establish a reasonable basis for computing damages."); *C-B Realty & Trading Corp. v. Chicago & North Western Ry. Co.*, 289 Ill. App. 3d 892, 901 (1997) ("Plaintiffs have the duty to establish that they sustained damages as well as a reasonable basis for computing those damages.").

¶ 24     Throughout the trial court proceedings, the trial court and the parties focused on the issue of proof of damages. The judge specifically inquired whether proof of proximately caused damages due to the breach was forthcoming. When asked whether customers paid the late fees because of AT&T's failure to place a postmark on the billing envelope, class counsel responded that he did not have to show that the customers paid the bills late because there was no postmark on the envelope. Further, class counsel agreed that there are many reasons customers may have paid late and incurred the late fee charges other than because of the lack of a dated mark on the envelope. Class counsel argued that AT&T was not permitted to assess late fees in any instance where a postmark did not appear on the exterior of the billing envelope and, therefore, every late payment must be refunded regardless of the reason for the late payment. The circuit court rejected this argument, denied class counsel's motion for summary judgment and granted AT&T's motion to terminate the proceedings on this basis.

¶ 25     A motion for summary judgment is a drastic means of disposing of litigation and is granted only when " 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Axen v. Ockerlund Construction Co.*, 281 Ill. App. 3d 224, 229 (1996) (quoting *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)). The movant bears the initial burden of production in a motion for summary judgment. *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 689 (2000). We review the trial court's entry of summary judgment *de novo*. *Golden Rule Insurance Co. v. Schwartz*, 203 Ill. 2d 456, 462 (2003).

¶ 26    Class counsel re-asserts arguments regarding AT&T's conduct and its alleged intentional and willful breach of the settlement agreement. Those arguments were thoroughly addressed in our previous opinion. *In re Illinois Bell Telephone Link-Up II & Late Charge Litigation*, No. 1-06-1675 (May 1, 2008) (unpublished order under Supreme Court Rule 23). We previously found AT&T breached the settlement agreement and we need not revisit this issue again.

¶ 27    Class counsel places great emphasis on the contention that, because the mailing procedure was in violation of the Illinois Administrative Code, defendant had no authority to collect any late fees and disgorgement is the proper remedy. We need not address that issue because the legality of the imposition of the late fees was never determined before the ICC, the circuit court or in the settlement agreement. AT&T denied any liability and the class chose settlement rather than litigation of that issue. The class did not simply terminate the litigation. It agreed to forego future litigation relating to the legality of assessing late fees where the billing envelope might arguably be in violation of the code or relevant statutes. Lastly, nothing in the settlement agreement addressed the authority or lack of authority of the utility to assess late fees. This further supports our conclusion that disgorgement as a remedy for breach of this settlement agreement is not warranted.

¶ 28    Class counsel is requesting a full refund for all late payment charges, regardless of whether the reason the late payment fee was assessed was due to AT&T's failure to properly date mark the envelope or for other reasons entirely. Class counsel was given ample opportunity to provide the circuit court with evidence showing proximate cause between AT&T's breach of its agreement and any losses incurred by the class. Instead, regardless of any link between the breach and actual losses due to the breach, class counsel requested disgorgement of all late fees collected. We find that class counsel failed to maintain his burden to show damages proximately caused by the breach to warrant the requested relief. The lack of this required nexus is fatal, and as such, the circuit court did not err in denying plaintiff's motion for summary judgment on the issue of damages and in granting AT&T's motion to terminate the proceedings.

¶ 29    The trial court was correct in rejecting class counsel's all-or-nothing position on the remedy for this breach of contract. Class counsel had the duty to establish damages and to present evidence of a reasonable basis for computing those damages. The purpose of awarding contract damages is to compensate the injured party. Restatement (Second) of Contracts § 355 cmt. a, at 154 (1981). Late fees were paid by utility customers when AT&T was not in breach of the settlement agreement and, indisputably, late fees were also paid during the period the utility was in breach of the agreement. Obviously, and admittedly, some customers did not timely pay their bills for reasons not connected with or related to the existence of a dated mark on the billing envelope. Whether defendant was unjustly enriched is left to guess, speculation and conjecture. Disgorgement would result in a windfall to those customers, for example, that intentionally chose to pay late regardless of the absence of a date mark on the envelope and irrespective of whether they were class members. Whether an economic study of the late payments would reveal a reasonable basis upon which to conclude whether all or a part of the late payments were related to the lack of a date mark on the billing envelopes is unknown because class counsel did not proffer any basis to calculate

damages relying instead on a demand for disgorgement. The experienced trial judge did not have a reasonable basis to invoke an equitable remedy and order disgorgement where no judicial or administrative finding had been entered that the acts constituting a breach of the settlement agreement were illegal or that defendant was unjustly enriched. There is no legal basis to depart from established contract law under the facts presented in this case.

¶ 30 In affirming the rulings of the circuit court we need not reach the additional bases advanced by defendant that the requested damages constitute reparations over which the ICC has exclusive jurisdiction or that the demand for forfeiture of the late fees is barred by AT&T's filed tariffs.

¶ 31                                    CONCLUSION

¶ 32 For the foregoing reasons, we affirm the circuit court's order denying class counsel's motion for summary judgment and order for a refund and the court's granting of AT&T's motion to terminate the proceedings.

¶ 33 Affirmed.