**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220503-U

Order filed August 13, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| MARIANA POPOVYCH, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois. |
| | ) | |
| | ) | Appeal No. 3-22-0503 |
| v. | ) | Circuit No. 21-LM-700 |
| | ) | |
| JORABEK HAMRAEV, | ) | The Honorable |
| | ) | Robert E. Douglas, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Trial court did not err in dismissing plaintiff's second amended complaint with prejudice because (1) plaintiff failed to allege sufficient facts to establish the necessary elements of her causes of action for conversion and breach of contract, and (2) there is no civil action for identity theft.

¶ 2    Plaintiff Mariana Popovych filed a complaint and then an amended complaint against defendant Jorabek Hamraev related to the sale of her company to him. Defendant filed a motion to dismiss plaintiff's first amended complaint, alleging that it failed to state a cause of action and was barred by the parties' written agreement. The trial court granted that motion without prejudice,

allowing plaintiff to file a second amended complaint, which she did. Defendant filed a motion to dismiss that complaint, alleging that it failed to state a cause of action and sought inappropriate relief. The trial court granted defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals that ruling. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 9, 2020, plaintiff and defendant entered into a written sales agreement, pursuant to which plaintiff agreed to sell her company, Fast Connect LLC, to defendant for $8,000. Fast Connect was a transportation company and the owner of a United States Department of Transportation Motor Carrier Authority Number. Pursuant to the parties' agreement, defendant purchased the company as well as its Motor Carrier Authority Number but not the company's assets.

¶ 5        On September 8, 2021, plaintiff, as a self-represented litigant, filed a complaint against defendant, alleging that he (1) "took over [her] business bank account; (2) "breached [the] sales agreement"; and (3) "used [her] identity illegally." Three months later, plaintiff filed an amended complaint, asserting the same claims and additionally alleging that defendant "breached [a] verbal agreement." Plaintiff further alleged that she suffered damages of $10,000 to $50,000.

¶ 6        On January 24, 2022, defendant filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). Defendant argued that the complaint should be dismissed under section 2-619 of the Code (*id*. § 2-619) because plaintiff's claims were barred by the terms of the written sales agreement. Defendant additionally argued that plaintiff's complaint should be dismissed under section 2-615 of the Code (*id*. § 2-615) because plaintiff failed to adequately plead a cause of action against him.

Plaintiff filed a response to the motion to dismiss and requested leave to amend her complaint, asserting that she could "fix the issues that are mentioned in the motion to dismiss." The trial court granted defendant's motion to dismiss without prejudice, allowing plaintiff to file a second amended complaint on or before August 4, 2022.

¶ 7 On August 4, 2022, plaintiff filed a four-count second amended complaint. Count I was titled, "Illegal Conversion of Popovych's Assets by Defendant to His Own Use." In that count, plaintiff alleged that defendant "has no right to take into possession Bank Account #357703807 and the money that were [*sic*] already in it or were [*sic*] later deposited to it for Popovych's receivables." She alleged that "[b]y refusing to transfer [a] full refund of the amount owed to Popovych, Defendant maintained wrongful control over the $8356.97." Plaintiff further alleged that she "had a right of immediate possession of $8356.97 and this right was absolute and unconditional." Finally, plaintiff alleged that she "made a couple of demands for the money personally to Hamraev and through attorneys which were never honored[.]"

¶ 8 In count II, plaintiff alleged "Breach of Written Agreement[.]" Plaintiff first alleged that she and defendant entered into the sales agreement, which she attached to the complaint. She then alleged that, pursuant to the agreement, "Fast Connect Authority went into [the] possession of Defendant and he was able to use [it] to generate income." Plaintiff alleged that "Defendant failed to transfer MC number 050902 in his name which was a requirement for the sale ***." Finally, she asserted "[d]amages that resulted from his action to Plaintiff's Identity that was used to conduct the business till January 2021." In her prayer for relief, plaintiff alleged: "As described above, Hamraev used Popovych's identity." She alleged that, as a result, she "suffered injury including emotional distress due to illegal actions of Mr. Hamraev." Plaintiff asked the court to award her punitive damages.

3

¶ 9 In count III, plaintiff alleged that she and defendant entered into an oral agreement on October 4, 2020, before the final sale of Fast Connect. She alleged that she "kept her end of the deal by selling Fast Connect Authority at [the] discounted price of $8,000." She further alleged: "Defendant did not keep his end of the deal selling the MC number for $8,000." Finally, she alleged "[d]amage from a breach of oral agreement is income loss for the Plaintiff until she opens a new Authority to operate."

¶ 10 Elsewhere in her complaint, plaintiff alleged the following "TERMS OF ORAL AGREEMENT":

"Oral Agreement took place on October 4th at Starbucks by the address 1206 N. Bridge St. in front of Ilkhom Kozimov. Terms:

1. Plaintiff will sell MC number 050902 at discounted price of $ 8000 (market value for it is $16000).

2. MC number 050902 has a good record with FMCSA.

3. Plaintiff is allowed to book loads for her van and 6 owner-operators with no additional fees to Plaintiff."

¶ 11 In her prayer for relief for count III, plaintiff alleged that she "suffered injury, both economic and otherwise, including emotional distress due to [the] illegal actions of Mr. Hamraev." She requested "[l]ost income *** in the amount of $40[,]000."

¶ 12 Finally, count IV was labeled "Identity Theft." Plaintiff alleged that she "never interfered with [the] business conducted by Defendant" but that defendant used her identity while operating Fast Connect. She alleged damages to her "identity" and requested "[a]ttorney's fees, costs and litigation expenses."

4

¶ 13    Defendant filed a combined motion to dismiss plaintiff's second amended complaint pursuant to section 2-619.1 of the Code (*id*. § 2-619.1). Defendant asserted that (1) plaintiff failed to state a claim, (2) plaintiff improperly requested punitive and other damages, and (3) plaintiff's breach of verbal agreement claim was barred by the parol evidence rule. Plaintiff filed a response opposing defendant's motion to dismiss and, alternatively, requesting that she be allowed to amend her complaint.

¶ 14    On November 17, 2022, the circuit court held a hearing on defendant's motion. The court said it had reviewed the plaintiff's complaint, the motion to dismiss and plaintiff's response and stated:

> "[Y]ou have not properly pled your counts, and one of the counts doesn't even exist. Identity theft is a crime, not a civil matter.
>
> So at this point I don't think you're going to be able to amend your complaint in such a way as to state a cause of action.
>
> So I am going to dismiss this case with prejudice."

Plaintiff inquired: "Is it possible you grant me amended complaint and I hire a lawyer this time to fix it?" Defendant's counsel interjected:

> "We would object. We've been contacted by a lawyer in the past who said she was representing Miss Popovych. We provided documents. She never entered an appearance in the case, but she's taken actions that have resulted in the freezing up of my client's bank account pending resolution of this."

The court responded: "[N]o, I'm going to dismiss with prejudice this morning." Following the hearing, the circuit court entered a written order granting defendant's motion and dismissing plaintiff's second amended complaint with prejudice in its entirety.

5

¶ 15                                    II. ANALYSIS

¶ 16         On appeal, plaintiff argues that the circuit court erred in dismissing her second amended complaint with prejudice because she adequately alleged claims for conversion and breach of oral and written agreements against defendant.

¶ 17         The circuit court granted defendant's motion to dismiss brought pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). Defendant's section 2-619.1 motion was a combined motion to dismiss, asserting that dismissal was proper under both sections 2-615 and 2-619 of the Code (*id.* §§ 2-615, 2-619).

¶ 18         A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based on defects apparent on the face of the complaint. *Pooh-Bah Enterprises, Inc. v. County of Cook,* 232 Ill. 2d 463, 473 (2009). In ruling on a section 2-615 motion, the court must accept as true all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from those facts. *Id*. In ruling on a section 2-615 motion to dismiss, "[t]he question to be answered is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, state sufficient facts to establish a cause of action upon which relief may be granted." *Hadley v. Subscriber Doe*, 2015 IL 118000, ¶ 29. We review *de novo* an order granting a section 2-615 motion to dismiss. *Id.*

¶ 19         Illinois is a fact-pleading jurisdiction, mandating that plaintiffs allege facts sufficient to bring their claims within the scope of the cause of action being asserted. See *Anderson v. Vanden Dorpel,* 172 Ill. 2d 399, 408 (1996). Conclusions of law and conclusory allegations unsupported by specific facts cannot support a cause of action. *Visvardis v. Ferleger*, 375 Ill. App. 3d 719, 724 (2007). If, after disregarding all legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, a motion to dismiss should be granted. *Lake County*

6

*Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.,* 275 Ill.App.3d 452, 457 (1995).

¶ 20     A motion to dismiss under section 2-619 of the Code "allow[s] for a threshold disposition of questions of law and easily proven issues of fact." *Mio v. Alberto-Culver Co.,* 306 Ill. App. 3d 822, 824 (1999). Under section 2-619, a motion to dismiss should be granted if after construing the pleadings and supporting documents in the light most favorable to the nonmoving party, the trial court finds that no set of facts can be proven upon which relief could be granted. *Id.* at 825. We review motions to dismiss under section 2-619 *de novo. Id.*

¶ 21     Here, the circuit court's order dismissing plaintiff's second amended complaint did not specify if it was entered pursuant to section 2-619 or 2-615 of the Code. Therefore, we will review whether the second amended complaint was properly dismissed under either section. See *Slay v. Allstate Corp.*, 2018 IL App (1st) 180133, ¶ 28. We first examine whether the complaint was properly dismissed under section 2-615.

¶ 22                                    A. Count I: Conversion

¶ 23     The essence of a conversion is the wrongful deprivation of property from the person entitled to possession. *Farns Associates, Inc. v. Sternback*, 77 Ill. App. 3d 249, 252 (1979). To sufficiently plead conversion, a plaintiff must allege (1) the defendant's unauthorized and wrongful assumption of control, dominion or ownership over the plaintiff's personal property, (2) the plaintiff's right in the property, (3) the plaintiff's right to immediate possession of the property, absolutely and unconditionally, and (4) the plaintiff's demand for possession of the property. *Id.*; *General Motors Corp. v. Douglass,* 206 Ill. App. 3d 881, 886 (1990).

¶ 24     Absent sufficient factual allegations, conclusions are insufficient to state a cause of action for conversion. *Farns Associates*, 77 Ill. App. 3d at 253. Where the plaintiff fails to allege facts to

7

show he had an absolute and unconditional right to the immediate possession of the property at all relevant times, dismissal is appropriate. See *Kovac v. Barron*, 2014 IL App (2d) 121100, ¶ 101. To adequately plead the fourth element of conversion, the plaintiff must allege facts as to when demand was made, to whom it was made, and how it was made. See *Mayle v. Urban Realty Works, LLC*, 2022 IL App (1st) 210470, ¶ 78. A conclusory allegation that demand was made is insufficient. *Id.*

¶ 25        In count I, plaintiff alleged that defendant had no right to take possession of Bank Account #357703807 and the money in it. Plaintiff further alleged that "Defendant maintained wrongful control over the $8356.97" in the bank account and that she "had a right of immediate possession of $8356.97 and this right was absolute and unconditional." Finally, plaintiff alleged that she "made a couple of demands for the money personally to Hamraev and through attorneys[.]"

¶ 26        The trial court did not err in dismissing plaintiff's conversion claim because plaintiff failed to allege all necessary elements of a conversion claim and failed to allege facts supporting her conclusory allegations. While plaintiff sufficiently alleged the first element of conversion by alleging that defendant wrongfully and without authority took control of her bank account and its contents, plaintiff failed to allege the second element – her right to the bank account and the money in it. See *General Motors Corp.,* 206 Ill. App. 3d at 886. Plaintiff also failed to allege any facts setting forth her right to the account and its contents.

¶ 27        Additionally, while plaintiff alleged in conclusory fashion that she "had a right of immediate possession of $8356.97" that was "absolute and unconditional", she alleged no facts showing her absolute and unconditional right to that money at all relevant times. See *Kovac*, 2014 IL App (2d) 121100, ¶ 101. Finally, plaintiff failed to adequately allege that she demanded return of the property. She alleged that she "made a couple of demands for the money to Hamraev and

8

through attorneys." However, these allegations were insufficient because plaintiff did not allege when and how she made those demands. See *Mayle*, 2022 IL App (1st) 210470, ¶ 78. For all these reasons, the circuit court did not err in dismissing plaintiff's conversion action for failure to state a claim under section 2-615 of the Code.

¶ 28                                   B. Count II: Breach of Written Agreement

¶ 29          To state a cause of action for breach of contract, the plaintiff must allege "the existence of a valid and enforceable contract, performance by the plaintiff, breach of the contract by the defendant, and resultant damages or injury to the plaintiff." *Razor Capital v. Antaal,* 2012 IL App (2d) 110904, ¶ 30. Damages are an essential element of a breach of contract action. *In re Illinois Bell Telephone Link-Up II*, 2013 IL App (1st) 113349, ¶ 19. The plaintiff must "'establish an actual loss or measurable damages resulting from the breach in order to recover.'" *Id.* (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 149 (2005)).

¶ 30          "[P]unitive damages may not be awarded for a breach of contract, even if the breach was willful." *Leyshon v. Diehl Controls North America, Inc.*, 407 Ill. App. 3d 1, 15 (2010). Additionally, a plaintiff can generally not recover for mental distress resulting from a breach of contract. *Doe v. Roe*, 289 Ill. App. 3d 116, 130 (1997).

¶ 31          Here, in count II, plaintiff alleged that she and defendant entered a contract -- the sales agreement. She then alleged that, pursuant to the agreement, "Fast Connect Authority went into [the] possession of Defendant and he was able to use [it] to generate income." Plaintiff alleged that "Defendant failed to transfer MC number 050902 in his name which was a requirement for the sale ***." Finally, she asserted that she "suffered injury including emotional distress" and sought punitive damages.

9

¶ 32      The circuit court did not err in dismissing count II of plaintiff's second amended complaint because plaintiff failed to allege monetary damages caused by the breach, a necessary element of her breach of contract action. See *In re Illinois Bell Telephone Link-Up II*, 2013 IL App (1st) 113349, ¶ 19. Instead, plaintiff alleged that she suffered "emotional distress" and sought punitive damages, neither of which are recoverable in a breach of contract action. See *Leyshon*, 407 Ill. App. 3d at 15; *Doe*, 289 Ill. App. 3d at 130. Because plaintiff failed to allege a necessary element of her breach of contract claim, the trial court properly dismissed that count pursuant to section 2-615 of the Code.

¶ 33                          C. Count III: Breach of Oral Agreement

¶ 34      In count III, plaintiff alleged breach of an oral agreement that the parties entered into before the sale of Fast Connect. An oral contract cannot be shown by written words and requires other proof to establish sufficiently definite terms to render it enforceable. See *National Underground Construction Co. v. E.A. Cox Co.*, 216 Ill. App. 3d 130, 136 (1991). To plead breach of an oral agreement, the plaintiff must allege sufficient factual allegations of (1) the existence of a contract, including facts regarding an offer, acceptance, consideration, and sufficiently definite terms, (2) plaintiff's performance of all contractual conditions required, (3) defendant's alleged breach of the agreement, and (4) damages. *Id.*

¶ 35      "A general allegation that a contract exists is, in the absence of a statement of supporting facts, a mere legal conclusion, which is not admitted by a motion to dismiss or a motion to strike." *Pollack v. Marathon Oil Co.*, 34 Ill. App. 3d 861, 864 (1976). When alleging that the parties entered into an oral contract, the plaintiff must plead specific facts to support the existence of an offer and acceptance by identifying who made the offer, the manner in which the offer was accepted and specific facts supporting the theory of acceptance. See *Roe v. Jewish Children's*

10

*Bureau of Chicago*, 339 Ill. App. 3d 119, 126 (2003); *Nuccio v. Chicago Commodities, Inc.*, 257 Ill. App. 3d 437, 444 (1993). Where a cause of action for breach of an oral agreement is devoid of necessary factual allegations, the trial court acts properly in granting the defendant's motion to dismiss. See *Roe*, 339 Ill. App. 3d at 126; *Nuccio*, 257 Ill. App. 3d at 445.

¶ 36 In count III of her second amended complaint, plaintiff alleged that she and defendant entered into an "Oral Agreement" four days before they signed the written agreement for the sale of Fast Connect. However, plaintiff failed to allege sufficient facts to establish the existence of that oral agreement. First, plaintiff failed to allege any facts establishing the existence of consideration, offer or acceptance, necessary elements of a breach of oral agreement cause of action. See *National Underground Construction Co.,* 216 Ill. App. 3d at 136. Plaintiff failed to identify what the consideration for the agreement was, who made the offer, by whom and how the offer was accepted, or any other facts necessary to establish the existence of consideration, offer and acceptance. See *Roe*, 339 Ill. App. 3d at 126; *Nuccio*, 257 Ill. App. 3d at 444.

¶ 37 Additionally, Plaintiff failed to allege sufficiently definite terms of the alleged "Oral Agreement." Plaintiff alleged that the oral agreement allowed her "to book loads for her van and 6 owner-operators with no additional fees to [her]." However, she failed to identify (1) the dates the agreement was effective, (2) the length of the agreement, and (3) the other 6 owner-operators who were covered by the agreement. Absent sufficiently definite terms, the plaintiff failed to allege the existence of an enforceable oral agreement. See *National Underground Construction Co.,* 216 Ill. App. 3d at 136.

¶ 38 In count III, plaintiff merely alleged that an "Oral Agreement" existed. However, this general allegation, without supporting facts, was a mere legal conclusion that was insufficient to establish plaintiff's cause of action. See *Pollack*, 34 Ill. App. 3d at 864. Because

11

plaintiff failed to allege sufficient facts to support her cause of action for breach of an oral agreement, the trial court did not err in dismissing this count of plaintiff's second amended complaint pursuant to section 2-615 of the Code. See *Roe*, 339 Ill. App. 3d at 126; *Nuccio*, 257 Ill. App. 3d at 445.

¶ 39                                    D. Count IV: Identity Theft

¶ 40        Identity theft is not a civil cause of action; it is a criminal offense. See 720 ILCS 5/16-30 (West 2020). Only the State's Attorney and the Attorney General can prosecute criminal offenses in this state. See *County of Cook ex rel. Rifkin v. Bear Stearns & Co. Inc.*, 215 Ill. 2d 466, 476 (2005); 15 ILCS 205/4 (West 2020); 55 ILCS 5/3-9005 (West 2020).

¶ 41        Because identity theft is not a civil cause of action but a crime that must be prosecuted by the State's Attorney or Attorney General, the trial court properly dismissed this count of plaintiff's second amended complaint pursuant to section 2-615 of the Code.

¶ 42                                    III. CONCLUSION

¶ 43        The judgment of the circuit court of Du Page County is affirmed.

¶ 44        Affirmed.